In re Dickhaus.

[Cite as In re Dickhaus (1974), 41 Ohio Misc. 1.]

(No. 2-69—Decided February 22, 1974.)

Court of Common Pleas of Clermont County, Probate Division.

*Mr. Allen Burreson*, for petitioners.
*Mr. Delbert H. Lay*, for Social Services.

Davis, J. (of Highland County sitting by assignment) This cause came on to be heard on the petition of an uncle and aunt to adopt their three nephews: Phillip, age 3 years; Paul, age 4 years; and Richard, age 6 years. The children were placed in the permanent custody of the Social Services Division of the Clermont County Welfare Department (Social Services) by order of the Juvenile Court Division of Clermont County Court of Common Pleas. Social Services has withheld filing an answer and consent. Paul and Richard were placed in the temporary care of the petitioners by the said social services agency, and Phillip was placed in a pre-adoptive home. Some fourteen months has elapsed since these placements. Attachments have developed naturally between the children and their custodians in their respective homes.

Petitioners claim they are suitably qualified to care for and rear the children; that it is in the best interest of the children that all three children be adopted by them and because they are relatives, they have a preferential legal right to said childrn.

Social Services, although questioning the suitability of petitioners home for an original placement for adoption acknowledge that the fourteen months that Paul and Richard have been in the home during this litigation that certain attachments have been established between the children and petitioners which might now be against the best interests of the children to remove them. Likewise, it is strongly urged that similar attachments have developed between Phillip and his pre-adoptive parents which would now be against his best interest to remove him.

Social Services moved to dismiss the petition for adoption charging lack of jurisdiction because the agency has

not filed with the court a written consent to the adoption as required by R. C. 3107.06.

"The refusal of an agency to consent to an adoption does not deprive the Probate Court of jurisdiction * * *." *In re Haun* (1972), 31 Ohio App. 2d 63.

The motion to dismiss is overruled.

It is clear that the Legislature has vested the Probate Court with exclusive jurisdiction to order an adoption. R. C. 3107.02; *In re Adoption of Biddle* (1958), 168 Ohio St. 209. R. C. 3107.09 sets forth four propositions which must be met before an adoption is to be ordered.

1. The court shall examine the husband and wife separate and apart from the other and refuse the adoption unless satisfied from the examination that each petitioner desires it of his own free will and accord.

2. The court must be satisfied that R. C. 3107.01 to 3107.14, inclusive, have been complied with.

3. The court must be satisfied that the petitioners are suitably qualified to care for and rear the child.

4. The court must be satisfied that the best interests of the child will be promoted by the adoption.

The court is satisfied in the instant case that as to all three children propositions one and three have been met, *i. e.*, that the petitioners desire the adoption of their own free will and accord and they are suitably qualified to care for and rear the children.

As to proposition four, the court finds that the best interests of Paul and Richard will be promoted by the adoption, but that the best interests of Phillip will not be promoted by the adoption. Each child is a separate case and what may be in the best interest of one child may not be in the best interest of another. The claim of the relative petitioners that they have some preferential right to adopt their nephew is without foundation. We are not dealing here with rights of relatives. We are dealing with rights of children. It is urged that R. C. 3109.11 gives the relatives some preferential standing with the children. This section provides that a court of competent jurisdiction may grant companionship or visitation rights to the relatives

of an unmarried minor child whose father or mother is deceased if it is found that such companionship or visitation rights would be in the best interest of the minor child. This section is not in the adoption chapter of the Revised Code of Ohio but under the chapter on infants. It recognizes that, where applicable, any court with jurisdiction over minor children has the option of permitting visitation with relatives. This court is of the opinion that, in the case at bar, the visitations of Phillip with petitioners were not beneficial to said child nor in the best interest of the child. This statute does not give a relative a preferential right over a pre-adoptive parent in determining who should adopt the child. A myriad of factors determines what is in the best interest of the child. A relative placement for adoption should always be given consideration, but the mere fact that there are relatives who want to adopt a child does not control what is in the best interest of the child. Succinctly stated, relatives have no preferential legal right to adopt.

Likewise, the fact that petitioners are suitably qualified to care for and rear a child is but one of the factors the court must consider. Still, the court, not the petitioners and not the social services agency, must decide from all available evidence what is in the best interest of the child.

In the case before the court, Phillip has been placed in a pre-adoptive home where he is obviously well adjusted and happy. He has become attached to his pre-adoptive parents. They appear to be mature, stable parents who have financial ability to carry additional responsibility and love of the child. Every indication of the evidence is that these pre-adoptive parents are very suitably qualified to care for and rear said child and that the best interests of the child will be promoted if adopted by them.

It is argued that the three children should remain together and we should maintain the continuity of relatives. The law does not require children of the same family to be adopted en masse by one set of adoptive parents. The best interest of each individual child must prevail. Intervening circumstances must be given due consideration. It

would be no more just or fair to remove Phillip from his present home than it would be to deny the adoption of Paul and Richard and remove them from their present home. If Phillip is adopted by his present custodians, he will by law have a wholly new set of relatives. There is no sanctity in law in maintaining the continuity of relatives. The adoption law was enacted for the specific purpose of divesting the natural parents of all legal rights to the child and the relatives of the natural parents stand in no better position before the law.

Turning now to the requirement of proposition two that R. C. 3107.01 to 3107.14, inclusive, must be complied with. *In re Haun* (1971), 31 Ohio Misc. 9, states that the consent required by R. C. 3107.06 is not a prerequisite for granting jurisdiction to the Probate Court in an adoption proceeding. This court is in agreement with this statement of law, but is of the opinion that compliance with the statute is a necessary prerequisite to order an adoption.

The court therefore orders Social Services to complete their investigation of petitioners for the adoption of Paul and Richard. If no substantial reasons can be shown for withholding the answer and consent, said department is ordered to file such answer and consent.

Where evidence shows that the social services agency has no substantial reasons for withholding the answer and consent required by R. C. 3107.06, the court will order the answer and consent filed when the court determines it is in the best interest of the child.

Where substantial reasons exist for withholding the answer and consent, and the court is satisfied that it is not in the best interest of the child to require it, the petition for adoption will be denied.

The petition for adoption of Phillip is accordingly denied.

*Judgment accordingly.*