OPINION
{¶ 1} Appellant, J. Lorine Newman, appeals the decision of the Fayette County Court of Common Pleas, Probate Division, to dismiss her petition to adopt Corey and Tyler Cotner.
 {¶ 2} Fayette County Children Services ("FCCS") received permanent custody of the children in June 2000. Back in March 2000, the children had been placed with appellees, Ralph and Julie Powell ("the Powells"), who were foster parents interested in adopting. During that same time frame, appellant, great aunt to the boys, filed her petition to adopt the children. The trial court heard all the adoption petitions at a contested adoption proceeding in August 2001, and issued its decision dismissing appellant's petition and granting the Powells' petition in January 2002. Appellant appeals, advancing the following assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DISMISSING HER PETITION FOR ADOPTION AND PERMITTING OTHERS TO ADOPT AND THAT DECISION SHOULD BE REVERSED."
 {¶ 4} Appellant asserts that the trial court erred when it found that it was in the best interest of the children to be adopted by the Powells.
 {¶ 5} Adoption matters are decided on a case-by-case basis through the exercise of the discretion granted a trial court to determine what is in the best interest of the child to be adopted. In re Adoption ofCharles B. (1990), 50 Ohio St.3d 88, 94. In determining whether to grant or deny an adoption, a trial court must consider "`(1) whether the petitioner is suitably qualified to care for and rear the child, and (2) whether the best interests of the child will be promoted by the adoption.' (Citation omitted.)" In re Adoption of Ridenour (1991),61 Ohio St.3d 319, 320. The trial court's primary consideration, however, is the best interest of the child. Charles B. at 90.
 {¶ 6} What is in the best interest of the child is a legal determination that must be made by the trial court, after consideration of all the requisite factors as provided in R.C. 3107.161. In re Adoptionof Lindsey B. (July 13, 2001), Lucas App. No. L-01-1197.
 {¶ 7} Given the considerable discretion enjoyed by the trial court in determining whether an adoption is in the best interest of the child, absent an abuse of discretion, a reviewing court may not reverse a trial court's decision. Charles B. at 94; R.C. 3107.14(C). An abuse of discretion implies more than an error of law or of judgment. Rather, an abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence supports the trial court's decision. In re Adoption of Deems (1993),91 Ohio App.3d 552, 558.
 {¶ 9} The best interest factors are delineated in R.C. 3107.161. This statute states, in part:
 {¶ 10} "(A) As used in this section, `the least detrimental available alternative' means the alternative that would have the least long-term negative impact on the child.
 {¶ 11} "(B) When a court makes a determination in a contested adoption concerning the best interest of a child, the court shall consider all relevant factors including, but not limited to, all of the following:
 {¶ 12} "(1) The least detrimental available alternative for safeguarding the child's growth and development;
 {¶ 13} "(2) The age and health of the child at the time the best interest determination is made and, if applicable, at the time the child was removed from the home;
 {¶ 14} "(3) The wishes of the child in any case in which the child's age and maturity makes this feasible;
 {¶ 15} "(4) The duration of the separation of the child from a parent;
 {¶ 16} "(5) Whether the child will be able to enter into a more stable and permanent family relationship, taking into account the conditions of the child's current placement, the likelihood of future placements, and the results of prior placements;
 {¶ 17} "(6) The likelihood of safe reunification with a parent within a reasonable period of time;
 {¶ 18} "(7) The importance of providing permanency, stability, and continuity of relationships for the child;
 {¶ 19} "(8) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(9) The child's adjustment to the child's current home, school, and community;
 {¶ 21} "(10) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(11) Whether any person involved in the situation has been convicted of, pleaded guilty to, or accused of any criminal offense involving any act that resulted in a child being abused or neglected * * *."
 {¶ 23} In the instant case, the guardian ad litem for the children recommended that the Powells be permitted to adopt the children. The trial court wrote a detailed analysis of the evidence presented at trial as applied to the pertinent statutory best interest factors.
 {¶ 24} The trial court acknowledged the strengths of both petitioners. Witnesses testified for the Powells concerning their observations of the positive interactions between the Powells and the boys. Witnesses testified for appellant concerning appellant's skill in successfully raising her daughter.
 {¶ 25} The trial court noted that the children had never spent any overnights with appellant, although she had reportedly requested such visits both before and after FCCS had custody.
 {¶ 26} The trial court found that the children had bonded with the Powells and that the Powells had been "very active in helping the boys overcome delays," as well as being "active in their school and daily activities." The trial court found that the boys were well adjusted to their home, school and community with the Powells. The trial court held that the placement with the Powells "ha[d] led to the children's individual needs and best interest being met."
 {¶ 27} The trial court also acknowledged that appellant was a relative to the boys, but found that fact was not necessarily a controlling factor in determining best interest. See In re Dickhaus
(P.C. 1974), 41 Ohio Misc. 1.
 {¶ 28} Reviewing the record before us, there was competent and credible evidence for the trial court to find for the Powells and to dismiss appellant's adoption petition. The trial court's decision to dismiss appellant's petition for adoption and to grant the Powells' petition was not an abuse of discretion.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.