FRANKENMUTH MUTUAL INSURANCE COMPANY, APPELLEE, v. SELZ ET AL.; SCOTT ET AL., APPELLANTS.

[Cite as Frankenmuth Mut. Ins. Co. v. Selz (1983), 6 Ohio St. 3d 169.]

(No. 82-1240—Decided August 10, 1983.)

*Messrs. Eastman & Smith* and *Mr. M. Donald Carmin,* for appellee.

*Messrs. Spengler, Nathanson, Heyman, McCarthy & Durfee, Mr. James R. Jeffery* and *Mr. Kenneth J. White,* for appellants.

*Per Curiam.* In *Gulla* v. *Reynolds* (1949), 151 Ohio St. 147 [39 O.O. 2], we held at paragraphs one and three of the syllabus:

"1. Under the provisions of an automobile insurance policy in which the coverage is extended to include a third person if the actual use of the automobile is with the permission of the named insured, such permission relates to the use to which the automobile is being put by such third person at the time of the accident."

"3.   Under such provisions coverage is not afforded when the use made of the motor vehicle constitutes a complete departure from that for which permission was granted."

The facts of *Gulla* are strikingly similar to the facts of the instant case. In *Gulla,* the plaintiff was injured when he was struck by a truck driven by Reynolds, the defendant, but owned by one Straus. The plaintiff sought a judgment against Straus' insurance company on the theory that the defendant was an insured under Straus' automobile liability insurance policy. The facts of *Gulla* reveal that Straus had given Reynolds express permission to use the truck to make a delivery approximately a block and a half away. Five hours later, and in a different part of the city, Reynolds struck and injured the plaintiff.

We refused to interpret the omnibus clause involved in *Gulla* to extend coverage to the plaintiff's claim arising from the accident because, at the time of the accident, Reynolds was not operating the vehicle within the scope of the permission initially granted by Straus. In so holding, the "slight" or "minor deviation" rule was adopted in Ohio. That is, where the use of the property deviates only slightly from the purpose for which permission was initially granted, the standard omnibus clause in a liability insurance policy[1] will be interpreted to extend coverage. However, if the use represents a complete departure or gross deviation from the scope of permission, no coverage will be afforded.

Appellants request that we depart from the rule announced in *Gulla* in favor of a rule which would operate to extend coverage so long as the user had valid initial permission and continued possession of the property. This approach was rejected by this court in *Gulla,* where it was stated:

"The lower courts were correct in declining to follow the extreme, minority rule which obviously lends itself to gross abuse by an unscrupulous individual who, in violation of his express instructions, might retain possession of the automobile indefinitely and operate it over unlimited territory with the insurance still in effect. If such extreme unlimited coverage is to be afforded, it would seem that in fairness to all concerned it should be so stated in the policy." *Id.* at 154.

We believe our rejection of such a sweeping standard in *Gulla* is equally compelling today. Thus, we decline to depart from the rule of *Gulla,* and we reaffirm the principles set forth therein.

Turning to the facts of the present appeal, the record discloses that Selz and Brondes were close friends who had water-skied many times together. In addition, Brondes had offered Selz the use of his boat while Selz was vacationing in Florida but Selz did not take advantage of Brondes' offer. On no occasion prior to the accident did Selz ever operate Brondes' boat for recreational purposes without Brondes' presence. Brondes had, on one occasion,

---

[1] See R.C. 4509.51(B).

used Selz's boat without Selz's presence but with his express permission. Brondes testified that if the personnel at Brenner Marine determined that a test-drive was necessary to make Brondes' boat operational, they had his permission to do so.

The trial court found that Selz did not have permission to operate Brondes' boat at the time of the accident since the boat was then being used for recreational purposes, not for the purpose of a test-drive. Despite the fact that Selz had implied permission to take Brondes' boat for a test-drive upon completion of the repairs, the critical factual issue was whether Selz had permission to use the boat *at the time of the accident.*

Appellants challenge the trial court's finding that Selz did not have permission to use Brondes' boat at the time of the accident. In reviewing factual issues, an appellate court will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is supported by some competent, credible evidence going to all essential elements of the case. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. In the case at bar, Selz testified that a test-drive would take approximately twenty to thirty minutes to complete and that the accident occurred well over an hour after having taken Brondes' boat out while they were actually water-skiing. Under these circumstances, the trial court's resolution of factual issues is more than adequately supported by the record and will not be disturbed.

Based on the foregoing record facts, it is clear that, in using Brondes' boat for recreational purposes, Selz had completely departed from the implied permission which Brondes had granted to Selz to test-drive the boat. As a consequence, we will not interpret the omnibus clause in the insurance policy issued by Frankenmuth to Brondes to extend coverage to claims arising out of the accident with Selz at the helm.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.