ATWATER TOWNSHIP TRUSTEES, Appellants,

v.

DEMCZYK et al., Appellees.

[Cite as *Atwater Twp. v. Demczyk* (1991), 72 Ohio App.3d 763.]

Court of Appeals of Ohio,
Portage County.

No. 89-P-2141.

Decided March 4, 1991.

*David W. Norris*, Prosecuting Attorney, and *Douglas M. Kehres*, Assistant Prosecuting Attorney, for appellants.

*William S. Pidcock*, for appellees.

JOSEPH E. MAHONEY, Judge.

Defendants-appellees, Victor and Rebecca Demczyk, own a farm at 309 State Route 225 in Atwater Township, Portage County, Ohio. For the past fifteen years, the Demczyks have bred, raised and trained horses on this property, which is zoned R–1 (residential) pursuant to the Atwater Township Zoning Resolution.

On August 30, 1989, the Demczyks contracted with defendant-appellee, Beaver Excavating Co., to excavate a lake and build a track on the farm, which were to be used in the training of their horses. Prior to commencing excavation, the appellees submitted the plans and specifications to Gordon Weber, the chairman of the Atwater Township Zoning Board of Appeals, for his review. Weber reviewed the plans and notified the appellees by letter that the construction of the lake and track fell within the definition of "agricultural uses" in the Atwater Township Zoning Regulations and, therefore, the lake and track were exempt from the Atwater Township Zoning Regulations pursuant to Article 1.60 of the regulations. Mr. Weber noted that, "no non-agricultural activity, including quarrying and mining is permitted by this request."

Appellees began excavating the lake by digging out and removing the soil. The soil was taken away by Beaver who sold it to a third party as fill dirt. The proceeds from the sale of dirt were to be subtracted from the Demczyks' contract price for the construction of the lake and track.

On September 13, 1989, appellants, the Atwater Township Trustees, filed a verified complaint for preliminary, permanent and mandatory injunction, seeking to enjoin appellees from excavating and/or removing dirt and other materials. Appellants alleged that appellees did not have a conditional use zoning permit and were excavating and removing dirt in violation of the Atwater Township Zoning Resolution.

The hearing on appellants' motion for a preliminary injunction was consolidated with a trial on the merits pursuant to Civ.R. 65(B). The matter was tried before Judge George E. Martin in the Portage County Court of Common Pleas on September 18, 1989.

On November 8, 1989, the trial court denied appellants' motion for a preliminary and permanent injunction and dismissed appellants' complaint with prejudice. The court found that the construction of the lake and track was incidental to the agricultural purpose of breeding, raising and training horses and, therefore, exempt, pursuant to R.C. 519.21, from any requirement in the Atwater Township Zoning Resolution.

The trial court further found that appellants have failed to prove they were entitled to an injunction, *i.e.*, that there was a substantial likelihood they would prevail on the merits; that irreparable harm is being suffered by appellants; or that the harm suffered by the denial of the injunctive relief outweighs the harm suffered by appellees in the event appellants' prayer is denied and the case is dismissed.

Appellants have filed a timely appeal and now bring the following assignment of error:

"The decision of the trial court was against the manifest weight of the evidence and contrary to law."

Appellants argue that the trial court's decision is against the manifest weight of the evidence and contrary to law. Appellants contend that the appellees' excavation of the lake resulted in the extraction and removal of natural resources in violation of Atwater Township Zoning Resolution 10.20, which regulates mining operations.

While appellants concede that the future use of the lake, exercising and swimming horses, would be a permitted agricultural use which cannot be prohibited, appellants argue that the immediate removal and selling of the

natural resources obtained from the excavation of the lake is a by-product of mining operations which the township has a right to regulate.

Appellants' argument is without merit.

■ It is well settled that the judgment of the trial court will not be reversed on appeal as being against the manifest weight of the evidence where there is competent, credible evidence to support the judgment. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Accord *Frankenmuth Mut. Ins. Co. v. Selz* (1983), 6 Ohio St.3d 169, 6 OBR 227, 451 N.E.2d 1203.

The trial court made the following findings:

"1. Victor and Rebecca Demczyk (collectively the 'Demczyks') own real property located in Atwater Township, Portage County, Ohio (the 'Farm'), which Farm is zoned R–1 pursuant to the terms of the Atwater Township Zoning Resolution.

"2. The Demczyks have bred, raised, and trained horses on the Farm for a period of approximately 15 years.

"3. The breeding, raising, and training of horses is an agricultural use within the meaning of Chapter 519 of the Ohio Revised Code.

"4. On August 30, 1989, the Demczyks entered into an agreement (the 'Agreement') with The Beaver Excavating Co. ('Beaver') whereby Beaver is to build a lake and track on the Farm, which the Demczyks will use in the breeding, raising, and training of horses.

"5. Beaver is not removing sand or gravel from the farm, nor is Beaver removing or storing sand, gravel, or other materials within 60 feet of any lot line not owned or controlled by the Demczyks.

"6. The construction of a lake and track for use in the breeding, raising, and training of horses is incidental to the agricultural purpose of breeding, raising, and training horses, and is thus exempt, pursuant to R.C. Section 519.21, from any requirement otherwise found in the Atwater Township Zoning Resolution that a zoning certificate be obtained prior to constructing buildings or structures incident to the agricultural purpose of the Farm.

"7. Plaintiffs have failed to show a substantial likelihood that they shall prevail upon the merits, that irreparable harm is being suffered by Plaintiffs, or that the harm suffered by Plaintiffs by the denial of Plaintiffs' request for relief outweighs the harm to be suffered by Defendants in the event the Plaintiffs' prayer is denied and this case dismissed."

■ The record contains competent, credible evidence to substantiate the trial court's findings. Furthermore, there was no testimony or other evidence

presented from which the court could find a zoning violation or that appellees were engaged in a mining operation. In fact, the overwhelming evidence established that appellees were engaged in the business of breeding and training horses and were constructing the lake and track for this purpose which, pursuant to R.C. 519.21, is an agricultural use and is, therefore, exempt from any requirement in the Atwater Zoning Resolution. See *Mentor Lagoons, Inc. v. Mentor Twp. Bd. of Zoning Appeals* (1958), 168 Ohio St. 113, 5 O.O.2d 372, 151 N.E.2d 533.

Accordingly, appellants' assignment of error is without merit, and the trial court's judgment is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and FORD, J., concur.