OPINION
In this accelerated calendar appeal submitted to this court on the briefs of both parties, appellant, Linda L. Snyder, appeals from a judgment of the Portage County Court of Common Pleas awarding appellee, Bonnie L. Anderson, d.b.a. Anderson Circle Grocery, damages in a total amount of $176,500 for an action accusing appellant of engaging in a continuous course of theft related offenses at appellee's place of business. For the reasons that follow, we affirm the judgment of the trial court.
The facts pertinent to this appeal are as follows. Appellant was a long-standing employee at a grocery store located in Deerfield, Ohio and owned by appellee. In December of 1995, appellant's employment with appellee was terminated after it was discovered that appellant was responsible for a series of thefts from the store's business and lottery accounts. Prior to her termination of employment, appellant, whose final position consisted of accounting for the store's finances, admitted to appellee that she was skimming money from the store's accounts.
On March 6, 1996, appellee filed an intentional tort action seeking to recover compensatory damages for the amount of money that appellant stole from the store's accounts. Appellee further sought an award of punitive damages. Appellant's participation in various thefts from appellee's place of business was not in question. On October 18, 1996, appellant answered appellee's complaint and admitted that "money was taken, but the amount is unknown." Thus, the sole issue for trial, and on appeal, consists of the extent of damages appellee is entitled to receive.
On December 23, 1997, a hearing was held before the trial court on the issue of damages. At the hearing, appellee presented the following testimony as to the amount of damages she sustained as a result of appellant's misdeeds:
 "Q. Did you hire an accountant to determine how much money [appellant] had taken.
"A. Yes.
 "Q. Did you go over your books and records with this accountant in an attempt to determine in your own mind how much money was missing?
"A. Yes.
"Q. What did you determine the loss amount to be?
 "A. I determined well over $100,000. And the accountant said —
 "[Appellant's attorney]: Objection to anything the accountant said.
"A. I determined well over $100,000.
"Q. Were you unable to determine any further amount?
"A. I quit. I quit counting.
"Q. How many years did you go back?
"A. Two and a half.
 "Q. So in two and a half years you determined $100,000 was missing from your grocery?
"A. Right.
"Q. And you didn't search back any further years?
"A. No."
On cross-examination, appellee admitted that a number of her past employees also committed unspecified theft offenses at her place of business. Appellant's counsel made no effort to inquire as to the nature of the thefts committed by these other employees and whether a connection existed with the thefts committed by appellant. When prompted, appellee admitted that she failed to watch her "ship closely."
Appellee was also questioned as to the exact amount that appellant had stolen from the store's accounts at various points in time that the thefts occurred. Appellee admitted that she did not keep a running tabulation as to the amount of money that appellant stole for any given period of time. Nevertheless, appellee stood by her testimony that appellant stole at least $100,000 from the business and attempted to introduce a more detailed report prepared by her accountant as to the exact amount of money appellant stole from the store's accounts. However, the trial court excluded the accountant's report as inadmissible hearsay and appellee made no attempt to call the accountant to testify at trial. Aside from the above testimony of appellee, neither party presented any additional evidence at the hearing. Thus, there was no evidence contradicting appellee's testimony and opinion that over $100,000 was stolen by appellant.
By judgment entry filed January 20, 1998, the trial court awarded appellee a total of $176,500 in damages calculated as follows: $100,000 in compensatory damages; $75,000 in punitive damages; and $1,500 for attorney fees. From this judgment, appellant filed a timely notice of appeal and now asserts the following two assignments of error:
 "[1.] The [trial] court erred in granting judgment to the appellee in the amount of one hundred thousand dollars ($100,000.00) in that the appellee failed to prove with any specificity her damages. (Emphasis sic.)
 "[2.] The trial court erred in its award of punitive damages against the appellant, in that the appellee failed to prove that she had suffered any compensatory damages."
In the first assignment of error, appellant challenges the weight of the evidence with respect to appellee's claim that she is entitled to compensatory damages. Specifically, appellant asserts that appellee was unable to prove the level of damages she is entitled to receive with the required degree of specificity. We disagree.
When reviewing a claim that a trial court's judgment is against the manifest weight of the evidence, the Supreme Court of Ohio has held:
 "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Accord Frankenmuth Mut. Ins. Co. v. Selz (1983), 6 Ohio St.3d 169, 172.
Additionally, the court has frequently stated:
 "[I]t is for the trial court to resolve disputes of fact and weigh the testimony and credibility of the witnesses. See Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96, * * *." Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. (Parallel citations omitted.)
In the present case, there is no question that appellee sustained monetary losses due to the uncontroverted misdeeds committed by appellant. Appellant admitted to as much in her answer to appellee's complaint. Thus, the sole issue at trial was the amount of damages appellee was entitled to recover. As to this critical issue, appellant argues that appellee failed to present any evidence with the required level of specificity to support the amount of compensatory damages ultimately awarded by the trial court. In support of her position, appellant notes the portion of the trial testimony where appellee was unable to recount the precise amounts that appellant stole from the business at various points in time that the thefts occurred.
An award of damages must be shown with a reasonable degree of certainty and in some manner other than by mere speculation, conjecture, or surmise. See Williams v. Ohio Expositions Comm.
(Mar. 31, 1988), Franklin App. No. 87AP-733, unreported; Pingue v.Pingue (Nov. 6, 1995), Delaware App. No. 95CAF02006, unreported. Once a party has established a right to damages, however, that right will not be denied because the damages are incapable of being calculated with mathematical certainty. Pennant Molding,Inc. v. C J Trucking Co. (1983), 11 Ohio App.3d 248, 252. In this case, appellant testified that she, as well as an accountant, went over the books and that she determined that appellant stole well over $100,000 from the business. There was no evidence to rebut this testimony. Thus, this testimony was more than sufficient to support the trial court's award of compensatory damages.
We recognize that appellant disputes appellee's testimony as to the amount of money stolen from the business accounts. We further recognize the many questions appellant has raised in her appellate brief with respect to the credibility of appellee's trial testimony. Ultimately however, these questions were for the trial court to resolve in weighing the testimony and credibility of the sole witness who testified, without objection, at the hearing. The trial court obviously believed the evidence presented by appellee in awarding compensatory damages in the amount of $100,000. As this determination is supported by some competent, credible evidence, there is no basis for disturbing the trial court's award in this matter. Appellant's first assignment of error is without merit.
Turning to the second assignment of error, appellant argues that the trial court's award of punitive damages was in error because appellee failed to prove that she suffered any compensatory damages. Appellant does not question the propriety of a court awarding punitive damages in a case such as this one. Appellant also does not question the amount of punitive damages awarded by the trial court. Instead, appellant disputes the trial court's ability to award punitive damages in the absence of "actual damages."
Pursuant to our analysis in appellant's first assignment of error, the trial court did not err in awarding appellee compensatory damages. Thus, appellant's argument that the trial court erred in awarding punitive damages in the absence of any compensatory damages is rendered moot.
Based on the foregoing, the judgment of the trial court is affirmed.
__________________________________
JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., concurs,
NADER, J., dissents.