OPINION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Williams County Court of Common Pleas granting summary judgment to appellees, Leonard Ludwig, Sharon Ludwig, Northwestern Electric Cooperative, Inc. ("appellees"), and Auto Owners Insurance Company ("Auto Owners"). Appellant, German Mutual Insurance Company ("German Mutual"), appeals and asserts the following assignments of error:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT BECAUSE INSURANCE COVERAGE EXISTED UNDER APPELLANTS' POLICY OF INSURANCE NO. HA900823.
 "THE TRIAL COURT ERRED IN CONCLUDING NO COVERAGE EXISTED UNDER AUTO OWNERS' POLICY OF PRIMARY INSURANCE."
In 1995, William R. Niccum, then a student, was working after school on a part-time basis for Mohre Electronics. Mohre Electronics installs, services and repairs radios. On November 29, 1996, Niccum was asked, for the first time, to pick up a customer's truck in Bryan, Williams County, Ohio, and drive the motor vehicle to Mohre Electronics for the installation of a car radio. Because of a previous incident in which Niccum, without permission, drove a business vehicle to his parents' home in Bryan, Niccum's employer "told him that the specific route he was to take from or to Bryan was State Route 34."
At approximately 1:30 p.m., Niccum picked up the truck owned by Donald Kimpel. Instead of taking State Route 34 to Mohre Electronics, Niccum chose to drive west on County Road C. The vehicle went off to the south side of the road and hit a power pole owned by Northwestern Electric Cooperative. It then traveled back onto the road, spun, and continued to the north side of the road where it went through a field and struck a fence, tree and garage owned by Leonard Ludwig and Sharon Ludwig. During the ensuing law enforcement investigation, a urine test revealed that Niccum was under the influence of drugs, specifically, marijuana. At the time of the accident, Niccum was residing with his parents, who held a motor vehicle liability insurance policy with German Mutual.
In 1996, Leonard and Sharon Ludwig filed a negligence action against William Niccum and Mohre Electronics seeking compensation for the damage to their property. Auto Owners, the insurer of Donald Kimpel's motor vehicle, and Northwestern Electric Cooperative intervened. Although appellees filed amended complaints adding negligent entrustment claims against Donald Kimpel, they later voluntarily dismissed these claims.
On June 12, 1998, the trial court entered judgment in favor of Leonard and Sharon Ludwig and Northwestern Electric Cooperative as against William R. Niccum only. In adopting Mohre Electronics' Findings of Fact and Conclusions of Law, the court held:
 "2. That at the date, time and place of the accident, the Defendant, William R. Niccum was acting outside of the scope of his employment with the Defendant, Mohre Electronics [sic] in that he deviated from the instructed path of employment and was on a `frolic of his own' when he operated the motor vehicle against the specific instructions of his employer and smoked marijuana so as to be under the influence of a drug while he was operating the vehicle owned by Kimpel."
The court awarded Leonard and Sharon Ludwig $13,002.73, awarded Northwest Electric Cooperative $1,512.39 and awarded Auto Owners $7,884. The court also awarded the prevailing parties interest on the judgment at rate of ten percent per annum from December 1, 1995, as well as court costs. That judgment was never appealed.
On August 12, 1998, Leonard and Sharon Ludwig and Northwest Electric Cooperative filed a supplemental petition, pursuant to R.C. 3929.06, naming William R. Niccum, German Mutual and Auto Owners as defendants. Appellees alleged that more than thirty days had elapsed since the entry of judgment and William Niccum had not paid any part of that judgment. Appellees contended that German Mutual, as William Niccum's motor vehicle insurer, and Auto Owners, as the insurer of the Kimpel vehicle, were liable for the full amounts of appellees' awards.
All of the parties filed motions for summary judgment. Appellees argued that William Niccum was entitled to liability coverage under the German Mutual motor vehicle policy issued to his parents and liability coverage under the Auto Owners motor vehicle insurance policy issued to Donald Kimpel and his spouse. In its motion for summary judgment, German Mutual asserted that certain provisions in the Niccum/German Mutual policy excluded William Niccum from coverage. In the alternative, German Mutual contended that another provision rendered any coverage available to Niccum excess coverage to that provided by the Auto Owners insurance policy. Auto Owners maintained that, as a matter of law, Niccum exceeded the scope of any permission granted to Mohre Electronics/Niccum to operate his motor vehicle.
As to German Mutual, the court determined that William Niccum was an insured under that policy as a child residing with his parents, the named insureds. Finding that Kimpel had only authorized Niccum to pick up his vehicle and deliver it to Mohre Electronics and that Niccum's use of the vehicle exceeded the scope of that permission, the court then determined that the German Mutual policy was not an excess policy because Niccum was not entitled to coverage under the Auto Owners policy. Adopting the reasoning of Auto Owners' reply brief to German Mutual's motion for summary judgment, the lower court granted appellees' and Auto Owners' motions for summary judgment and denied German Mutual's motion for summary judgment. Consequently, German Mutual was found responsible for the payment of all three judgments awarded in the underlying case, plus interest and costs.
In its first assignment of error, German Mutual claims that the trial court "abused its discretion" by not determining that it was entitled to summary judgment.
Pursuant to Civ.R. 56(C), summary judgment is appropriate if the trial court determines that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. We review the trial court's summary judgment determination de novo. Chapman v. Adia Services, Inc. (1997), 116 Ohio App.3d 534, 540.
With regard to the material facts of this case, collateral estoppel prevents German Mutual from re-litigating issues in a R.C. 3929.06 supplemental proceeding. Howell v.Richardson (1989), 45 Ohio St.3d 365, 367; ALD Concrete GradingCo., Inc. v. Chem-Masters Corp. (1996), 111 Ohio App.3d 759, 764. That is, those in privity with the litigants and those who could have entered the proceeding but did not avail themselves of the opportunity are barred from re-litigating factual and legal issues decided in the underlying proceeding. Id. Here, it is undisputed, by means of an affidavit, that German Mutual had notice of the claims against their insured and the remedial action that might be taken. German Mutual did not, however, avail itself of the opportunity to participate in those proceedings. Therefore, there are no factual disputes in the case before us. Rather, the disposition of this case rests upon the construction of the language in the various provisions of an insurance contract.
In ascertaining the meaning of the contract language, common words appearing in the written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or the overall contents of the instrument. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. When an insurer seeks to subsequently exclude coverage, which, in the first instance, was granted under the contract, the exclusionary language must be construed against the insurer. American Financial Corp. v. Fireman's Fund Ins. Co.
(1968), 15 Ohio St.2d 171, 173; Home Indemnity Co. v. Village ofPlymouth (1945), 146 Ohio St. 96.
The law of this case is that William Niccum was acting outside the scope of his employment at the time he negligently operated Kimpel's vehicle off of County Road C and caused appellees to suffer property damage. Nevertheless, German Mutual cites to two exclusions in its policy related to employment as precluding liability coverage for William Niccum. The first provision excludes such coverage for "any person * * * [w]hile employed or otherwise engaged in the business or occupation of "selling, repairing, servicing, storing, parking, road testing or delivery of "vehicles designed for use mainly on the public highways." The second excludes any person "[m]aintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation * * *." The key words in both of these exclusions are "employed or otherwise engaged" in a "business or occupation." German Mutual contends that even if Niccum was engaging in conduct outside the scope of his employment at the time of the accident, he was still "employed" or was an "employee" within the meaning of the cited exclusions. We cannot agree.
The term "employed" is defined as "[p]erforming work under an employer-employee relationship. [The] [t]erm signifies both the act of doing a thing and being under contract or orders to do it." Black's Law Dictionary (Abridged 6 Ed. 1991) 362-363. An "employee" is "[a] person in the service of another * * * where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed." Id. at 363. In the law, an individual acts within the employment context only when he or she acts for the employer and engages in the pursuit of the employer's business. White OakCoal Co. v. Rivoux (1913), 88 Ohio St. 18; The Lima Ry. Co. v.Little (1902), 67 Ohio St. 91, 100. In circumstances where the individual is allegedly acting within the employment context, but is actually engaged in his own activities, that person is acting outside the employment relationship and is, therefore, on a "frolic and detour" of his or her own. Senn v. Lackner (1952),157 Ohio St. 206; Lime City Mut. Ins. Ass'n v. Mullins (1992),83 Ohio App.3d 517, 524; Smith v. Spriggs (1954), 98 Ohio App. 1.
Our reading of the definitions of the plain and unambiguous words "employed" and "employee" and the law applicable to this case leads us to the conclusion that the two exclusions in the German Mutual liability policy only apply when the insured's negligent conduct occurs within the employee-employer relationship, i.e., the employee is performing work according to the employer's orders. To embrace the broad interpretation advanced by German Mutual would mean that an insured could, theoretically, be deemed "employed" and an "employee" twenty-four hours per day, seven days per week. Furthermore, this interpretation would, in essence, obviate the long-standing rule of law that one who acts outside the scope of the employment relationship is not considered "employed" or an "employee." For these reasons, we reject German Mutual's arguments.
German Mutual also relies on a third exclusion in the Niccums' motor vehicle liability policy. This clause excludes from coverage any person "[u]sing a vehicle without a reasonable belief that person is entitled to do so." In the present case, William Niccum, as a family member under his parents' German Mutual motor vehicle insurance policy was entitled to liability coverage for the use of any auto. Thus, the third exclusion cited by German Mutual must be strictly construed against the insurer.
Several courts have addressed the exclusion that is the subject of this case. The standard to be applied is whether the driver of the vehicle reasonably believed that he or she was authorized to drive the vehicle, notwithstanding the means of obtaining the authorization. Broz v. Winland (1994), 68 Ohio St.3d 521,526; Blount v. Kennard (1992), 82 Ohio App.3d 613, 617. The scope of "reasonable belief" to use a vehicle is broader than "having permission" to use such a vehicle. Lightning Rod Mut. Ins.Co v. Ray (June 30, 1992), Lake App. No. 91-L-073, unreported. However, in determining whether the user reasonably believed that he or she was entitled to use the motor vehicle, the fact that the owner/possessor of the vehicle granted the user the permission to use it carries great weight. State Farm Mut. Auto Ins. v.Progressive Cas. Ins. (July 26, 1988), Montgomery App. No. 10748, unreported; Collins v. Fessler (Dec. 5, 1983), Miami App. No. 83-CA-20, unreported.
Here, the undisputed facts are that William Niccum was directed to pick up and deliver Kimpel's truck to Mohre Electronics. Niccum had previously operated business vehicles as part of his duties. Kimpel granted Niccum permission to drive the vehicle. These facts are sufficient to demonstrate that Niccum had a reasonable belief that he was authorized to use the Kimpel vehicle.
German Mutual contends, nonetheless, that a person using a vehicle outside the scope of his employment and outside the scope of the permission to use the vehicle cannot have a reasonable belief of entitlement to do so. The insurer offers two cases to support this proposition. See Buckeye Union Ins. Co. v.Lawrence (1990), 70 Ohio App.3d 76; Wilson v. GRE Ins. Co.
(Sept. 16, 1994), Lucas App. No. L-93-361, unreported.
In the Buckeye Union case, the court determined, based on conflicting evidence, that the tortfeasor's claim of permission to drive a motor vehicle while he was intoxicated was not credible. Id. at 79. The court further held that an intoxicated driver operating a vehicle recklessly was akin to a person driving without a license and, therefore, could not realistically hold a reasonable belief that he was entitled to drive that vehicle. Id.
This case is distinguishable for two reasons. First, the court's finding was based on conflicting evidence. Second, in Broz v.Winland, 68 Ohio St.3d at 526, the Ohio Supreme Court made clear that licensure was not dispositive of the question of whether a person reasonably believes he or she is entitled to use a motor vehicle. Again, as emphasized in Broz, the focus in such cases is on whether a reasonable belief of authorization exists. The trial court properly applied this standard to the undisputed facts of this case.
In Wilson v. GRE, supra, the exclusion provided that no person would be considered an insured "if that person uses a car without a reasonable belief of having permission" to use the vehicle." (Emphasis added.) Accordingly, this court based its decision in Wilson on Frankenmuth Mut. Ins. Co. v. Selz
(1983), 6 Ohio St.3d 169, one of the leading cases in Ohio defining the permissive use of a motor vehicle. The case before us is not a permissive use case. Therefore, the holding in Wilson is not applicable.
In summary, German Mutual essentially asks this court to equate a reasonable belief to use a motor vehicle with permission to use the vehicle as set forth in Gulla v. Reynolds (1949),151 Ohio St. 147 and Frankenmuth Mut. Ins. Co. v. Selz, supra. Under the law, these are two different legal concepts and we cannot and will not intertwine them. Consequently, based on the undisputed facts of this case, the trial court did not err in granting appellees' motion for summary judgment as a matter of law. German Mutual's first assignment of error is found not well-taken.
In its second assignment of error, German Mutual asserts that the trial court erred in finding that Niccum was not entitled to liability coverage under the Auto Owners' policy. In this assignment appellant argues that in the event that this court holds that "permission" and "entitlement" to use a motor vehicle are identical, we must find that Auto Owners provides primary liability coverage for Niccum, and German Mutual provides excess coverage. Because we made no such holding, German Mutual's second assignment of error is found not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. German Mutual Insurance Company is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.