OPINION
Appellant, Nolan D. Armentrout, owns approximately forty-five acres of land in an area zoned R1 residential. Appellant dug a pond on a portion of his property, which is approximately two and one-half acres in area and twenty-five feet deep. Appellant began processing the dirt that had been excavated from the pond into topsoil and selling it. This processing required the use of several large pieces of equipment, including a front-end loader and a sifter. Appellee, Board of Franklin Township Trustees, filed a complaint seeking injunctive relief prohibiting the processing and sale of topsoil on the premises and requiring the removal of the topsoil stored on the premises.
After a bench trial, the court issued an opinion, on June 7, 2000, finding that appellant had "a clear right to excavate a farm pond to improve his property for agriculture purposes and the right to have the excess soil removed from the property. The mixing processing and commercial sale of the finished product is not authorized under the zoning code or any agriculture exception." On July 13, 2000, the court filed a judgment entry enjoining appellant from "processing and selling mulch or topsoil from the subject real estate," and ordering appellant to "remove all piles of processed mulch and topsoil from the real estate within 60 days" of the entry.
Appellant filed a timely notice of appeal raising three assignments of error.
In his first assignment of error, appellant contends that "[t]he trial court committed reversible error by finding that the appellant was engaged in mining when the conduct of the appellant consisted of activity incidental to agricultural use of his land and, therefore, exempt pursuant to Ohio Revised Code Section 519.21(A)."
Appellant first argues that his excavation did not constitute "surface mining" as defined in R.C. 1414.01(A). In the situation sub judice, appellant's excavation does not constitute surface mining. See AtwaterTwp. Trustees v. Demczyk (1991), 72 Ohio App.3d 763, 766-67,596 N.E.2d 498. This issue is not, however, the determinative issue in this appeal. The trial court found, in keeping with our decision inDemczyk, that appellant had a "clear right" to excavate a farm pond on his land. Even though appellant's activities did not include surface mining, the processing and sale of topsoil could still violate the zoning code, and fail to fall within the agricultural exception.
The trial court found that "the mixing processing and commercial sale of [topsoil] is not authorized under the zoning code or any agriculture exception." Under the agricultural exception, a zoning code may not prohibit the use of land for purposes directly and immediately related to agriculture. R.C. 519.21(A); State v. Huffman (1969), 20 Ohio App.2d 263,269. R.C. 519.01 defines agriculture as including:
 "farming; ranching; aquaculture; apiculture; horticulture; viticulture; animal husbandry, including, but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and the production of poultry and poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms; timber; pasturage; any combination of the foregoing; the processing, drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production." R.C. 519.01.
 "[T]he determination of whether an activity qualifies as an agricultural purpose is a finding of fact." Allen Twp. Bd. of Trustees v. Chasteen (Sept. 23, 1994), 97 Ohio App.3d 250, 257. An appellate court will not reverse a trial court's finding of fact unless it is against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
The trial court's finding that the "mixing processing and commercial sale" of the topsoil was not included within the agricultural exception was not supported by competent, credible evidence in the record, and thus we reverse the trial court's decision.
We believe that topsoil is an agricultural product, and that the production and sale of topsoil falls within the agricultural exception to the zoning code. Much like timber or peat, soil is a product, which has usually existed on the property for a long time. The product is then removed from the land, processed to a small extent, and sold. This is what occurred with the topsoil in this case. There was no evidence before the trial court that appellant made substantial changes in the form of the soil, or added any adjuncts to the soil, brought in from outside the property.
In State ex rel. Fox v. Orwig (Sept. 15, 1995), Trumbull App. No. 94-T-5100, unreported, 1995 Ohio App. LEXIS 4022, this court upheld a trial court's finding that a landscaping business maintaining a compost pile was not subject to the agricultural exception. In so holding, we reasoned that the compost heap did not qualify under the agricultural exception because the materials were all brought in from outside the property, and the compost was used almost entirely off the property by the landscaping business. In the case sub judice, there is no evidence that appellant has brought any materials in from outside the property for use in processing the topsoil. In addition, appellant testified that he used one third of the topsoil produced, on the property in issue. Thus, we rely on our previous reasoning in holding that appellant's activity of converting the soil taken from the pond into topsoil and selling a portion of it is agriculture, as envisioned by the agricultural exception.
In addition, the definition of agriculture in R.C. 519.01 specifically includes sod. Sod, by its nature, includes a large amount of topsoil. In producing, harvesting, processing and selling sod, which is explicitly permitted by statute, a significant amount of topsoil is removed and sold as well. Thus, by extension, the removal, processing, and sale of topsoil should also be included in the definition of agriculture.
We feel that this reading of the definition of agriculture in R.C. 519.01
effectuates the apparent intent of the legislature to create a broad exemption from local zoning laws for the state's farmers. Appellant's first assignment of error has merit.
In his second assignment of error, appellant contends that "[t]he trial court erred in granting injunctive relief without any evidence of immediate and irreparable harm." Ohio statutory and case law is clear, however, that if land is used in violation of zoning restrictions, the township trustees may bring an action to enjoin the violative use, and need not show irreparable harm. R.C. 519.24; Painesville Township v.Buss, (May 17, 2000), Trumbull App. No. 94-L-101, unreported, 1996, WL 857915 at 3. Appellant's second assignment of error is without merit.
In appellant's third assignment of error, he argues that "[t]he Judgment Entry of July 13, 2000 is factually inconsistent with the Court's opinion of June 7, 2000 by requiring appellant to remove all piles of processed mulch and topsoil from the real estate within 60 days of the date of the Court's Judgment Entry." Because we are reversing the judgment of the trial court, appellant's third assignment of error is moot.
For the reasons stated above, the decision of the Portage County Court of Common Pleas is reversed and judgment entered for appellant.
JUDGE ROBERT A. NADER, O'NEILL, P.J., concurs, GRENDELL, J., dissents.