### In re ADOPTION OF DEEMS.

[Cite as *In re Adoption of Deems* (1993), 91 Ohio App.3d 552.]

Court of Appeals of Ohio,
Crawford County.

No. 3–93–12.

Decided Nov. 12, 1993.

*John Gregory Lyons, pro se.*

*John L. Wagner,* for appellee.

Evans, Presiding Judge.

This is an appeal from a judgment of the Court of Common Pleas of Crawford County, Probate Division, granting the petition of Rick R. Deems ("appellee") for the adoption of Andrew and Emily Lyons over the objection of their father, John Gregory Lyons ("appellant").

Appellant and Holly Beth Deems were married in 1981. Emily was born of that marriage. Also during the marriage appellant legally adopted Andrew, Holly's son from a prior marriage.

On November 30, 1987, appellant and Holly were divorced. Holly, who had taken the children and left the marital residence, was granted custody of the children. Appellant was ordered by the divorce decree to pay child support for the two children, "through wage assignment."

Holly married Rick Deems, the petitioner in this action, on May 27, 1989. On September 20, 1991, Rick Deems filed a petition for the adoption of Holly's two children, alleging that the adoption should proceed without the consent of the children's legal father, respondent John Lyons, because Lyons had failed to support the children as required by R.C. 3107.07(A). Lyons filed written objections to the adoption on December 3, 1991.

The adoption hearing took place before the Court of Common Pleas of Crawford County, Probate Division, on May 21, 1992. John Lyons represented himself throughout the proceedings. Based upon the facts presented at the hearing, the court found that adoption of Andrew and Emily Lyons by their stepfather would be in the children's best interest. Further, the trial judge determined, from evidence which he found clear and convincing, that appellant's consent to the adoption was unnecessary, in that he had "failed without justifiable cause to provide for the maintenance and support of the minor children as required by judicial decree for a period of one year immediately preceding the filing of the petition, as provided in Ohio Revised Code Section 3107.07(A)."

Therefore, the petition for adoption was granted.

John Lyons has appealed the court's judgment, asserting the following assignments of error:

"The trial judge erred in finding that father-respondent-appellant['s] consent was not necessary pursuant to Ohio Revised Code section 3107.07(A) for the petition for adoption to be complete, as such is a determination against the manifest weight of the evidence.

"The trial judge erred, as a matter of law, when it found that the petitioner proved, by clear and convincing evidence, that the appellant failed to without

justifiable cause to provide [*sic* ] for the maintenance and support for his children and that his consent to the adoption is therefore not required.

"The trial judge['s] decision is arbitrary and against the manifest weight of the evidence, as he failed to balance all relevant factors and the totality of facts in determining whether the proposed adoptions were in the children's best interests; and fails to give weight to the character of the petitioner."

With his assignments of error, appellant has raised two issues for our review, as follows: (1) whether the petitioner for adoption herein, Rick Deems, has proven by clear and convincing evidence that appellant's failure to support his children in the year preceding the filing of the petition was without justifiable cause, and (2) whether the adoption would be in the children's best interest.

## I

Evidence at the hearing was unrefuted that appellant John Lyons had failed to provide monetary support on behalf of the children since leaving his employment with Swan Rubber Company in October 1989. Although appellant admitted his awareness of the support order, issued along with the order of divorce, he maintained the position that the order was against his employer, and not himself personally. However, the court found that there had been a valid order for child support in effect since the 1987 divorce. Next, since it was not refuted that appellant had paid no support during the twelve months preceding the filing of the adoption petition, the court was required to determine whether appellant had justifiable cause for his failure to make support payments on behalf of the children.[1]

We agree with appellant that it is the petitioner's burden to prove at the adoption hearing that a natural parent's failure to support was without justifiable cause.[2] *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph one of the syllabus. However, as further held in *Bovett:*

---

1. R.C. 3107.07(A) provides, in relevant part:
   "Consent to adoption is not required of any of the following:
   "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to * * * provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition."

2. Appellant mistakenly relies on our decision in *In re Adoption of Darnall* (Feb. 6, 1992), Hancock App. No. 5–91–27, unreported, 1992 WL 19352, jurisdictional motion overruled (1992), 64 Ohio St.3d 1417, 593 N.E.2d 7, as the opinion in that case construes R.C. 3107.07(B), which relates to *putative* fathers.

"Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner." *Id.* at paragraph two of the syllabus.

Although appellant did present a "facially justifiable cause" for his failure, his argument that respondent presented no evidence to overcome appellant's evidence that his failure was justified is not well taken.

■ Appellant claimed that he had voluntarily left his employment to help his parents "full time" in their farming operation. Appellant steadfastly maintained that, although he worked more than forty hours per week on the farm, he received no monetary compensation, electing instead to work for "room and board," and that his parents also provided him with gasoline, insurance, and a vehicle to drive. It was further established by the petitioner that appellant had willfully failed to seek gainful employment despite the issuance of a "Seek Work Order" by the court.

Appellant argued in his appellate brief that he should not be forced to provide support in specified payments, since his former wife and children "abandoned" the family relationship by leaving the farm residence where they were being well provided for during the marriage. Thus, appellant claimed, he should not be required to furnish a different type of support than was already being provided on the farm. In support of his position, appellant cited *Porter v. Porter* (1971), 25 Ohio St.2d 123, 54 O.O.2d 260, 267 N.E.2d 299, wherein the court stated:

"A wife who has breached the duty imposed upon her by R.C. 3103.02 to conform to her husband's place of living may not claim the benefit of R.C. 3103.03, which imposes upon a husband the absolute duty to support his wife and family." *Id.* at paragraph two of the syllabus.

However, *Porter* is no longer valid law in Ohio. R.C. 3103.02 was repealed as of September 23, 1974. Moreover, shortly after *Porter* was decided, R.C. 3115.03 became effective, which declared that "duties of support imposed by the law of this state" are binding on an obligor regardless of the place of residence of the obligee. Thus, we find that:

"The duty of support of * * * minor children, and the validity of any determination of such duty, is necessarily based upon any existing law or court order relating to the status of the child and parent from whom * * * support is sought." *New Jersey v. Morales* (1973), 35 Ohio App.2d 56, 63, 64 O.O.2d 175, 179, 299 N.E.2d 920, 924.

While we are not insensitive to appellant's position, we find that the law is clear that a child's natural or legal father is under a duty to provide monetary support

for his children whenever possible. Furthermore, as noted by the trial court, "the law does not sanction [appellant's] voluntary termination of gainful employment as a justification or excuse for not contributing" to the support of his children. See, *e.g., In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 167, 23 OBR 330, 333, 492 N.E.2d 140, 143 (inability of obligor to meet child support obligation justifiable when obligor made determined attempt to obtain gainful employment). We further agree with the court that "there was a clear showing of contemptuous disregard of" the court orders herein, and that appellant was not justified in electing a lifestyle that would assure his inability to pay support as ordered. See *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph four of the syllabus; *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, paragraph three of the syllabus ("whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence"). Appellant's first and second assignments of error are overruled.

## II

■ In his third assignment of error, appellant asserts that the court's determination that the proposed adoption would be in the children's best interest was against the manifest weight of the evidence and was arbitrary and, thus, an abuse of discretion.

A probate court may enter a final decree of adoption only when it finds after hearing that the adoption is in the best interest of the child. *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 515 N.E.2d 622. That is, a decision to grant an adoption must be based on a consideration of the best interest of the child involved. The record in this case demonstrates that the court's decision was in fact rendered only after such consideration.

■ The court's decision is well supported by evidence that Andrew and Emily are presently being raised in a loving and stable environment, and that their visitations with their legal father have been confusing and disconcerting to them. At the hearing, both children expressed a desire to terminate their relationship with appellant and to be reared by Mr. Deems. Considering these and other factors, the court ruled that the adoption would be in the children's best interest. We find no abuse of discretion in the court's conclusion that the petitioner would be a suitable parent for the children, and that adoption would further the best interest of the children. See *In re Adoption of Charles B.* (1990), 50 Ohio St.3d 88, 90, 552 N.E.2d 884, 886 (pursuant to R.C. 3107.14; adoption matters must be decided on a case-by-case basis through the able exercise of discretion by the trial court, giving due consideration to what is in the best interest of the person

to be adopted). See *State ex rel. Portage Cty. Welfare Dept. v. Summers* (1974), 38 Ohio St.2d 144, 67 O.O.2d 151, 311 N.E.2d 6. Furthermore, we will not substitute our judgment for that of the probate court where we find competent, credible evidence supporting the court's findings. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. Therefore, the third assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.