In re ADOPTION OF KNIGHT.

[Cite as *In re Adoption of Knight* (1994), 97 Ohio App.3d 670.]

Court of Appeals of Ohio,
Franklin County.

No. 94APF06–875.

Decided Nov. 29, 1994.

*Howard E. Baumwell,* for appellant.

*Donovan & Mazer Co., L.P.A.,* and *Bernard D. Mazer,* for appellee.

TYACK, Judge.

On February 3, 1993, Robert James Knight filed a petition in the Probate Court of Franklin County. Knight seeks to adopt his stepson, Preston Lee Salmons, without the consent of Preston's natural father, Ricky Gerald Salmons. Knight alleges that the consent of the natural father is unnecessary because R.C. 3107.07(A) applies. R.C. 3107.07(A) reads:

"A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

A hearing on the issue of consent was conducted before a referee of the probate court. The referee then filed a report, which recommended that the adoption proceed without the consent of Salmons. Objections to the report and its recommendation were filed on behalf of the natural father. The judge of the probate court filed an opinion, which concluded that Salmons had failed to provide for the maintenance and support of the child as required by law or judicial decree for a period of at least one year immediately preceding the filing of the petition. Therefore, Salmons's consent to the adoption was not required.

Counsel for Salmons has filed an appeal with this court, assigning three errors for our consideration:

"Assignment of Error One

"The probate court erred when it failed to strictly construe the language in Ohio R.C. 3107.07(A) in appellant's favor.

"Assignment of Error Two

"The probate court erred when it determined payments made by appellant pursuant to a court order, ordering him to provide health insurance for his minor son, was [*sic*] not maintenance and support within the meaning of Ohio R.C. 3107.07(A).

"Assignment of Error Three

"The probate court erred when it concluded and determined payments to a court appointed special advocate, pursuant to a judicial decree, did not constitute maintenance and support within the meaning of Ohio R.C. 3107.07(A)."

■ The evidence before the probate court indicates that Salmons was regularly employed for most of the year preceding the filing of the petition for adoption. During that one-year period, he paid a single payment of $20 toward child support and paid $300 to a psychologist who was assigned by a domestic relations court to assist in matters related to visitation with the child. The $20 payment can best be described as *de minimis*, amounting to less than half of the court-ordered child support obligation for a single week. This single, partial payment does not constitute providing for the maintenance and support of the child and does not by itself make consent of the natural parent necessary.

■ Nor does the payment to the psychologist constitute maintenance and support. Apparently, Salmons is an alcoholic, who on occasion has given little regard to the effects of his alcoholism on his son. Salmons's conduct has made the boy afraid of his father and the risks the father presents. Because of his fear the son did not want to visit his father, necessitating psychological counselling to work on the problem. We do not view the cost of the counselling, necessitated by the father's misconduct, as maintenance or support for the child for purposes of R.C. 3107.07(A).

■ In addition to the two categories of payment discussed above, a third category of payments, argued as necessary for consideration, was payments for health insurance. Three payments of $173 toward health insurance for Salmons and his son are argued as constituting partial support and maintenance for the child. However, Salmons failed to reveal the existence of the health insurance to his ex-wife or son and, therefore, the health insurance never benefitted the child.

We are aware of guidance from the Supreme Court of Ohio as to R.C. 3107.07. The Supreme Court wrote in its syllabus for *In re Adoption of Schoeppner* (1976), 46 Ohio St.2d 21, 75 O.O.2d 12, 345 N.E.2d 608:

"The fact of incarceration in a penal institution does not constitute a willful failure to properly support and maintain a child, within the meaning of R.C. 3107.06(B)(4), so as to vitiate the requirement of consent by both natural parents prior to the entry of a decree of adoption."

In paragraph two and four of the syllabus to *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, the court wrote:

"2. Pursuant to the explicit language of R.C. 3107.07(A), failure by a parent to communicate with his or her child is sufficient to authorize adoption without that

parent's consent only if there is a complete absence of communication for the statutorily defined one-year period.

" * * *

"4. The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication. (*In re Adoption of McDermitt* [1980], 63 Ohio St.2d 301 [17 O.O.3d 195, 408 N.E.2d 680], modified.)"

The Supreme Court has recently gone so far as to assure that parental consent is required where a putative father has signed the birth certificate of a child as informant. See *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999.

We have consistently followed the strict interpretation of R.C. 3107.07 mandated by the higher court. See *In re Adoption of Sherrick* (May 6, 1993), Franklin App. No. 93AP-94, unreported, 1993 WL 150515.

However, the failure of Salmons to reveal the existence of the health insurance had the result of causing the insurance, during the few months that it existed, to provide no benefit to the child. Where the existence of the insurance is concealed, this court, while honoring the pertinent case law from the Supreme Court of Ohio, has found that maintenance and support for purposes of R.C. 3107.07(A) has not been provided. See *In re Adoption of Strawser* (1987), 36 Ohio App.3d 232, 522 N.E.2d 1105. We feel bound by our reported precedent and therefore find that the insurance payments do not constitute sufficient support and maintenance to demonstrate error by the probate court.

As a result of the foregoing, we overrule the three assignments of error. We affirm the judgment of the probate court as to the necessity of consent of Salmons and remand the case for further appropriate proceedings.

*Judgment affirmed.*

CLOSE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.