## In re ADOPTION OF WAGNER.

[Cite as *In re Adoption of Wagner* (1997), 117 Ohio App.3d 448.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5228.

Decided Jan. 21, 1997.

*William R. Biviano*, for appellant, Roger D. Juntunen.

*Elise M. Burkey*, for appellee, Mark Wagner.

---

JOSEPH E. MAHONEY, Judge.

Respondent-appellant, Roger D. Juntunen ("appellant"), appeals from a judgment entry of the Probate Division of the Court of Common Pleas of Trumbull County, which held that his consent was not necessary for the adoption of his minor child, Emily (d.o.b. September 8, 1989), by her stepfather. Emily's mother, Deborah Wagner (f.k.a. Juntunen) appellant's former wife and now the wife of petitioner-appellee, Mark Wagner ("appellee"), had consented to the adoption.

On June 23, 1994, appellee filed a petition seeking to adopt Emily. Appellee alleged that appellant's consent was not necessary, pursuant to R.C. 3107.07(A), because appellant had failed, without justifiable cause, to communicate with his daughter or to provide for her support for a period of at least one year immediately preceding the filing of the adoption petition. Because appellant contested the adoption, a hearing was conducted on December 15, 1994 to determine whether appellant's consent was required.

The testimony at that hearing established the following facts. Appellant and Deborah Wagner were married on June 21, 1986. Two children were born of that marriage, Benjamin (d.o.b. March 21, 1987) [1] and Emily.

On July 15, 1991, the children's natural parents were granted a decree of dissolution in Howard County, Indiana. The dissolution decree provided for joint custody, designated Ms. Wagner as the residential parent, and ordered appellant to pay child support and to obtain health insurance coverage for his children. The Howard County court made its child-support award with the knowledge that appellant had recently become unemployed, having voluntarily resigned his commission as a captain with the United States Air Force in June 1991. He had been earning approximately $35,000 a year excluding his housing allowance. Finding that appellant, who holds a B.S. degree in mathematics and a master's degree in business administration, made insufficient plans to support his children when he quit his job with the Air Force, the decree ordered appellant to pay $150 per week in child support until further court order.

Subsequent to the divorce decree, Ms. Wagner moved to Ohio with the children and began to attend classes at Youngstown State University. On December 31, 1991, Ms. Wagner married appellee. Appellant remained unemployed until October 1991, when he began working for Electrolux as an independent contractor selling vacuum cleaners.

---

1. The appeal of the matter of Benjamin's adoption is addressed in case No. 95–T–5229.

On October 28, 1991, appellant submitted a worksheet to the Indiana court seeking to reduce his child support payments to $84 per week. Ms. Wagner testified that appellant falsified that worksheet by asserting that she was working full-time and had income, when he knew that she was a full-time student with no income. Notwithstanding appellant's attempt to reduce his child-support obligation, the worksheet was never reduced to a court order lowering appellant's support obligation.

The evidence at the adoption trial revealed that, for the year prior to the filing of appellee's adoption petition, appellant's visitation and support of his children were sporadic. From June 23, 1993 to June 23, 1994, appellant saw his children a total of four times. Appellee and Ms. Wagner testified that the total time appellant spent with the children for that period was approximately three hours. During the same time period appellant paid $329.40 of the $7,800 that was due in child support. Appellant's total income for 1993, as reported in the most recent tax return available to the trial court, equaled $13,443.81.

Appellant testified that in addition to the support payments he did make, he also paid $53 per week for the children's health insurance coverage. However, Ms. Wagner testified that she was never notified about this coverage and that an earlier health insurance card she did receive from appellant was rejected when she attempted to use it.

On March 22, 1995, the trial court filed its judgment entry. The court found that "the mere payment of $329.40 in child support in the year immediately preceding the filing of the adoption proceeding does not constitute support where the natural father has been ordered to pay $600.00 per month in support." The trial court also stated that appellant's payments for health insurance did not constitute support when Ms. Wagner was not made aware of, and the children derived no benefit from, the coverage. The trial court further found, by clear and convincing evidence, that appellant's failure to pay support was not justified because appellant did not make an effort to find employment commensurate with his level of education. The trial court's judgment entry did not address appellee's contention that appellant failed to communicate with the children. Based on its finding that appellant failed to support his children, the trial court concluded that appellant's consent was not necessary for the adoption to proceed[2] and ordered that a hearing as to the best interests of the children be scheduled.

Appellant filed a timely appeal and now asserts the following two assignments of error:

---

2. A finding that a party's consent to an adoption is not required is a final appealable order. *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999, paragraph one of the syllabus.

"1. The trial court's finding that appellant failed to provide for the maintenance and support of his minor child for a period of one-year preceding the filing of the adoption petition was against the manifest weight of the evidence.

"2. The trial court's finding that appellee proved by clear and convincing evidence that appellant failed to support his child without justifiable cause is against the manifest weight of the evidence and contrary to law."

Initially, we note that in determining whether a parent's consent is necessary for an adoption, R.C. 3107.07 provides:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

Thus, appellant's consent to the adoption would be required if he provided maintenance and support for, and communicated with, the child within one year prior to the filing of the adoption petition. Failure to either support or communicate with the child would abrogate the need for appellant's consent if the trial court also decides that such failure was without justifiable cause. See *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 105, 515 N.E.2d 919, 923.

Because appellant faces the termination of his parental rights, the burden of proof is on the petitioner to establish by clear and convincing evidence that the natural parent failed to communicate with or support, without justifiable cause, his minor child during the one-year period prior to the adoption petition. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140. Once the petitioner has established a failure to either provide support for, or communicate with, the child, the burden of going forward with evidence shifts to the respondent to show some facially justifiable cause for such failure. *Bovett, supra,* at paragraph two of the syllabus.

As the trial court did not address appellant's alleged failure to communicate with the child, the only issue before this court is whether the trial court erred in finding that appellant failed, without justifiable cause, to provide maintenance and support for his child. The trial court's determination of this issue will not be disturbed on appeal unless this determination is against the manifest weight of the evidence. *Id.* at paragraph four of the syllabus. Consequently, the trial court's judgment will not be reversed if it is supported by some

competent and credible evidence. *Frankenmuth Mut. Ins. Co. v. Selz* (1983), 6 Ohio St.3d 169, 6 OBR 227, 451 N.E.2d 1203.

In his first assignment of error, appellant argues that the trial court's determination that he failed to provide for the maintenance and support of his child was against the manifest weight of the evidence. Appellant asserts that the evidence showed that he made $329.40 in support payments during the year preceding the adoption petition in addition to $53 per week he paid to provide health care coverage for his children.

This case presents us with an opportunity to once again reexamine R.C. 3107.07(A). The recurring question that has continually presented itself to the appellate courts is: What percentage of support, from a parent's total support obligation, will the judicial system allow before a determination is made that a parent's consent is not necessary to allow an adoption to proceed. The lack of guidance from the Supreme Court of Ohio on this issue is glaring, as noted by Justice Douglas in his concurring opinion in *Bovett, supra:*

"[T]his case presents us with an opportunity to decide what the language of the statute means concerning support and/or communication during the critical one-year period. I agree that this initial determination should be made by the probate judge and his or her judgment should not be tampered with absent an abuse of discretion. What specific guidance needs to be given, however, is whether the making of one payment of support during the year or the sending of a Christmas card is enough to frustrate the operation of the statute. * * *

" * * * Until this court meets and decides that issue, inconsistent judgments of trial courts and courts of appeals on the question will continue to prevail." *Id.* at 107, 515 N.E.2d at 924.

Thus far, the Supreme Court of Ohio has not set forth, as to the "maintenance and support" prong of R.C. 3107.07(A), any specific guidelines to resolve this issue. As a result of this lack of guidance, the reported appellate decisions on this issue show a lack of consistency. See, *e.g., Celestino v. Schneider* (1992), 84 Ohio App.3d 192, 616 N.E.2d 581 (holding that a single, partial payment of $36 within the one-year period prior to the filing of the adoption petition qualified as support and maintenance, requiring natural parent's consent as prerequisite to adoption); *In re Adoption of Anthony* (1982), 5 Ohio App.3d 60, 5 OBR 156, 449 N.E.2d 511 (holding that natural parent's consent for an adoption is required so long as the parent complies with the duty to support for any period during the one-year preceding the filing of the adoption petition); *In re Adoption of Knight* (1994), 97 Ohio App.3d 670, 647 N.E.2d 251 (holding that single, partial payment of $20 within the one-year period prior to the filing of the adoption petition was de minimis and did not make natural parent's consent necessary for the adoption); *In re Adoption of Carletti* (1992), 78 Ohio App.3d 244, 604 N.E.2d 243

(holding that single payment of $15, upon learning of stepparent's intention to adopt the child, did not constitute maintenance and support). However, this court has expressly held that the payment of "some" support is insufficient to satisfy this requirement when the natural parent had discretionary income which could have been used to pay additional support. *In re Adoption of Cline* (1993), 89 Ohio App.3d 450, 624 N.E.2d 1083. See, also, *In re Adoption of Freel* (June 14, 1996), Trumbull App. No. 95–T–5303, unreported, 1996 WL 648977.

In the case *sub judice*, appellant was obligated to pay $150 per week, or $7,800 a year, in child support. Appellant's total income for 1993, as reported in his tax return, equaled $13,443.81. However, during the same time period, appellant paid a total of $329.40, or less than three percent of his income, in support for his two children. While appellant's income may have not been enough to permit him to make full support payments, appellant earned enough money to make a greater contribution toward the support of his children. Furthermore, evidence existed that appellant, who has a B.S. degree in mathematics and a master's degree in business administration, failed to obtain employment commensurate with his level of education, a point appellant acknowledged when he admitted that selling vacuum cleaners, at approximately $13,000 a year, was not the best he could do. A parent is "not justified in electing a lifestyle that would assure his inability to pay support as ordered." *In re Adoption of Deems* (1993), 91 Ohio App.3d 552, 557, 632 N.E.2d 1347, 1350.

As to appellant's claim that he provided health insurance coverage for his child in addition to the $329.40 in "support" he paid, evidence was presented that he failed to reveal to Ms. Wagner the existence of such coverage. Additionally, an earlier health insurance card Ms. Wagner did receive from appellant was rejected when she attempted to use it. Because appellant's children derived no benefit as a result of appellant's concealment, these payments do not constitute maintenance and support. *Knight*, 97 Ohio App.3d at 673, 647 N.E.2d at 253–254.

Based on the evidence presented before the trial court, sufficient evidence exists to support the trial court's decision that appellant failed, without justifiable cause, to provide maintenance and support for his child. Appellant's first assignment of error is without merit.

In the second assignment of error, appellant asserts that the trial court's judgment is contrary to the manifest weight of the evidence, as appellee failed to establish, by clear and convincing evidence, that he failed to support his child without justifiable cause. As previously discussed in appellant's first assignment of error, a review of the evidence presented reveals that appellee submitted sufficient facts from which the trial court could properly conclude that there was

no justifiable reason for appellant's failure to provide support for his minor child. Accordingly, appellant's second assignment of error is without merit.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH DONOFRIO, J., concurs.

CHRISTLEY, P.J., dissents.

JOSEPH DONOFRIO, J., retired, of the Seventh Appellate District, sitting by assignment.

CHRISTLEY, Presiding Judge, dissenting.

I respectfully dissent from the opinion of the majority, as I do not feel that one of the two factors set out in R.C. 3107.07(A) was satisfied. In that provision, the legislature determined that the court must find "that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * *."

It is only if the court finds that there has been a failure of either support or visitation that the court is required to determine whether or not that failure was without "justifiable cause."

Here, there was $329.40 provided in support during the twelve months at issue. While I would agree that amount of money is insignificant from either a practical or moral standard, it is still a quantum leap from the $23.54 or $60 contributions which have been determined to be no support in previous cases from this district. *Freel* and *Cline.*

I agree wholeheartedly with the public policy arguments set out by appellee that such amounts are nothing short of laughable; however, the legislature has failed to define what amount or percentage would or would not constitute support. As a result, I am constrained to interpret this issue strictly. While there are some instances when the support may be so minuscule as to constitute no support, that level was not reached in this case.

Thus, in this instance, I believe that amount is sufficient to satisfy the support obligation as it is currently set out in R.C. 3107.07(A).

Having reached that conclusion, I find it irrelevant whether or not appellant had a justifiable reason for paying only that amount.

As to the health insurance issue, I agree that it should not be considered in determining whether or not support had been paid for the reasons set out in the majority opinion.