OPINION
Appellants, Kenton A. Miller ("Kenton") and Crystal M. Miller ("Crystal"), appeal the September 22, 1999 judgment entry of the Ashtabula County Court of Common Pleas, Probate Division, in which it held that appellants' consent was not required for the adoption of their natural child by appellees, William Gesiman ("William") and Judith Geisman ("Judith").
Tiffany Marie Miller ("Tiffany"), the appellants' natural child, was born on May 12, 1996. On July 29, 1996, the Lake County Department of Human Services ("LCDHS") was awarded temporary custody of Tiffany after doctors at Lake East Hospital discovered evidence of physical abuse. On October 24, 1996, the Lake County Juvenile Court ("Juvenile Court") concluded that Tiffany had suffered physical abuse and was, in fact, an abused child. Consequently, Kenton's cousin, Judith, was awarded temporary custody of Tiffany on October 8, 1997. Tiffany has resided with appellees since July 11, 1997.
On January 11, 1999, appellees filed a petition to adopt Tiffany in the Ashtabula County Court of Common Pleas, Probate Division. In a judgment entry dated September 22, 1999, the lower court determined that Tiffany could be adopted by appellees without the consent of appellants.
In that judgment entry, the probate court reasoned that appellants' consent to the adoption was not required because there was evidence that they did not support her for the period of at least one year immediately preceding the filing of the adoption petition and that there was no justifiable reason for the lack of support. Specifically, the lower court found that "[t]he one and only thing that this Court can look to as support for Tiffany during the time period indicated have been two dresses, shoes and some toys which would be valued at less than $100.00." The probate court determined that such nominal support did not satisfy appellants' duty to provide support, and that there was no justifiable reason for the lack of support since appellants had not taken basic steps to improve their economic situation. The probate court specifically pointed to appellants' failure to finish high school or acquire a GED, their sporadic employment records, and their lack of operators' licenses.
Appellants now file the instant appeal and raise the following assignments of error:
 "[1.] The trial court erred, to the prejudice of [appellants], in finding that the consent of [appellants] is not necessary for the adoption of their daughter, Tiffany M. Miller, by [appellees].
 "[2.] The trial court erred, to the prejudice of [appellants], in overruling the motion of [appellants] to dismiss the petition for adoption for lack of the consent of the Juvenile Division of the Court of Common Pleas of Lake County, Ohio, to the adoption of [appellants'] daughter, Tiffany M. Miller, by [appellees]."
 In their first assignment of error, appellants make four claims. In the first claim, they allege that since temporary custody was ordered by the court without any additional order to pay support, they were not required to support Tiffany. In their next claim, appellants contend that it was against the manifest weight of the evidence for the probate court to conclude that there was no justifiable cause in failing to support Tiffany when there was no order to pay support, there was no reason to believe financial assistance was necessary to support Tiffany, and appellees expressed no interest in receiving financial assistance from them. In their third claim, appellants argue that it was against the manifest weight of the evidence to find that their failure to provide support was without justifiable cause in light of their dire financial situation. Finally, in the fourth claim, appellants aver that it was against the manifest weight of the evidence to find that they failed to meet the support requirements outlined in R.C. 3107.07(A) if any contribution is made toward support during the one-year period, no matter how insignificant.
The right of a parent to provide for the care and custody of his or her natural child is one which Ohio courts must view as fundamental in law. In re Adoption of Masa (1986), 23 Ohio St.3d 163,165. R.C. Chapter 3107 sets forth the statutory provisions governing adoption. In order to adopt a child without the consent of a natural parent, "[p]ursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause." In re Adoptionof Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus; Masa, 23 Ohio St.3d at paragraph one of the syllabus.
R.C. 3103.03(A) mandates, "* * * [t]he biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor." Once it has been established that the natural parent has failed to provide support for the child for the year immediately preceding the petition for adoption, the parent has the burden of presenting evidence indicating that such failure was justifiable. Bovett at paragraph two of the syllabus. The probate court will weigh all the evidence before it in determining whether the failure to provide support for the whole period was without justifiable cause. Id. at paragraph three of the syllabus.
The question of whether a natural parent's failure to provide support for his or her child is a determination for the probate court that will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. Inre Adoption of Kuhlmann (1994), 99 Ohio App.3d 44, 49, citingBovett at paragraph four of the syllabus and Masa at paragraph two of the syllabus. Importantly, "[t]he parental obligation to support is not excused by the temporary custody of the child being lodged with another. R.C. 2151.011(B) * * *." Kuhlmann at 50. Additionally, a temporary custody order need not specifically mention that the natural parent must provide support in order for that parent to be required to provide support." Id. at 47, 52.
In the instant matter, appellants' first claim that they were not obligated to support Tiffany since the temporary custody order was not accompanied by any order expressly requiring them to pay such support is patently meritless based upon the holding ofKuhlmann, which stated that no such order was necessary. Appellants' second claim is not well-taken for the reasons expressed in addressing their first claim.
Appellants' third and fourth claims need to be addressed together, since in determining whether nominal support is sufficient to meet the support requirement of R.C. 3107.07(A), this court looks to whether the natural parent had justifiable cause for providing only nominal support. In In re Adoption ofHale (Jul. 22, 1988), Lake App. No. 12-238, unreported, at 3, 1988 WL 76765, this court held that the natural father's nominal contribution of $50 of support in the year prior to the filing of the petition for adoption was sufficient to require the natural father's consent to the adoption. This court has refined its analysis of R.C. 3107.07(A) since Hale.
If the petitioner is able to demonstrate by clear and convincing evidence that the natural parent lacked justifiable cause for failing to provide more than nominal support for his or her child, the burden shifts to the natural parent to prove otherwise. As noted in In re Adoption of Cline (1993) 89 Ohio App.3d 450,456, the petitioner in Hale "apparently did not meet his initial burden of proof in demonstrating that the natural father was without justifiable cause in failing to pay child support."
In Cline, the natural father paid only $65 in support in the year prior to the filing of the adoption petition. This court concluded that the natural father's ability to pay $2,800 in child support toward his other children and $6,000 in attorney fees for both a divorce and for bankruptcy proceedings was evidence that he had "some discretionary income" which he could have contributed to the support of his daughter. (Emphasis sic.) Id. at 456. Therefore, there was sufficient evidence to demonstrate that the natural father did not have justifiable cause for failing to provide more than nominal support.
In In the Matter of the Adoption of Freel, (Jun. 14, 1996), Trumbull App. No. 95-T-5303, unreported, 1996 WL 648977, the natural father made one support payment of $23.54 in the year prior to the filing of the petition to adopt. Based on the referee's findings that the natural father had earned approximately $6,000 in the year prior to the filing of the adoption petition and that the natural father had discretionary income to attend school, this court held that the "referee's report contained sufficient facts from which the trial court could properly conclude that there was sufficient evidence presented which demonstrated that appellant had no justifiable reason for not paying more support." Id. at 4.
Finally, in In re Adoption of Wagner (1997), 117 Ohio App.3d 448, the natural father paid $329.40 in support in the year prior to filing the adoption petition. During that year, the natural father had reported $13,443.81 in taxable income. This court held that while the natural father may not have been able to make full support payments, he earned enough to "make a greater contribution toward the support of his children." Id. at 454. Thus, sinceHale, this court has developed an approach to R.C. 3107.07(A) that treats nominal support as sufficient to satisfy the "maintenance and support" prong of the statute only if the natural parent has justifiable cause for providing no more than nominal support.
The two-prong analysis that this court has applied in the foregoing cases was set forth in Bovett, where the petitioner for adoption must prove by clear and convincing evidence that the natural parent failed to support his or her child and that this failure was without justifiable cause. Bovett, 33 Ohio St.3d at paragraph one of the syllabus. Thus, finality here is not achieved by a showing of no support or nominal support alone. The second prong of the test, which requires a showing by clear and convincing evidence that the natural parent was without justifiable cause for providing no support or only a nominal contribution to his or her child's maintenance, must still be met. There has been a developing character of consistency over the last several years in this court's application of the second prong of this test. This court has affirmed and will continue to affirm a proper trial court finding in an adoption case that consent is not required when a natural parent fails to rebut a prima facie showing of a lack of justifiable cause for failing to support, or nominally supporting, his or her child.
In the instant case, while appellants provided nominal support for Tiffany, the trial court found that they lacked justifiable cause for providing no more than nominal support. In Wagner, this court cited In re Adoption of Deems (1993),91 Ohio App.3d 552, 557 for the proposition that "[a] parent is `not justified in electing a lifestyle that would assure his inability to pay support as ordered.'" Wagner at 454. The trial court, in this case, found that appellants had elected a lifestyle that prevented them from providing more than nominal support to Tiffany by failing to finish high school or obtain an equivalency degree, by failing to acquire or maintain operators' licenses and by failing to maintain regular employment. Therefore, appellants' third claim, that it was against the manifest weight of the evidence to find that their failure to provide support, and fourth claim, that it was without justifiable cause and that it was against the manifest weight of the evidence to find that the they failed to meet the support requirements outlined in R.C.3107.07(A), are without merit. Accordingly, appellants' first assignment of error is not well-taken.
In their second assignment of error, appellants contend that the juvenile court was required to provide written consent to the adoption of Tiffany in order for such adoption to be legal. This court strongly disagrees with that proposition. This case was within the exclusive jurisdiction of the probate court and consent of the juvenile court was not required for the probate court to move forward with the adoption proceedings. In In re Hitchcock
(1996), 120 Ohio App.3d 88, 103, the court cited State ex rel.Hitchcock v. Cuyahoga Cty. Ct. of Common Pleas, Probate Div.
(1994), 97 Ohio App.3d 600, 604, for the proposition that:
 "* * * continuing jurisdiction of the juvenile court [does] not present a jurisdictional bar to adoption proceedings in probate court. * * * The probate court may exercise its jurisdiction in adoption proceedings while juvenile court has continuing jurisdiction over custody. The adoption hearing can go forth in the probate court even if the juvenile court may not agree with a specific adoption." (Citations omitted.)
 This court agrees that regardless of whether the juvenile court consented or objected to the adoption of Tiffany, the probate court had exclusive jurisdiction over the matter. Consequently, appellants' second assignment of error is without merit.
For the foregoing reasons, appellants' assignments of error are without merit and the judgment of the Ashtabula County Court of Common Pleas, Probate Division, is affirmed.