OPINION
Appellant, Lawrence B. DiDonato, appeals from a final judgment of the Lake County Court of Common Pleas, Probate Division, denying his petition to adopt Bryan Adam DiDonato ("Bryan") without the consent of appellee, Ronald Godec. For the reasons that follow, we affirm the judgment of the probate court.
Bryan was born on June 4, 1995. Although appellee and Bryan's mother, Connie DiDonato ("Connie"), were not married, a parent/child relationship was established between Bryan and appellee in the Juvenile Division of the Lake County Court of Common Pleas. At that time, Connie was given permanent custody of Bryan, and appellee was granted visitation privileges. In addition, appellee was ordered to pay child support in the amount of $410 per month.
Connie subsequently married appellant on May 23, 1998. On November 22, 1999, appellant filed a petition seeking to adopt Bryan. In his petition, appellant alleged that appellee's consent was not necessary because, pursuant to R.C. 3107.07, appellee had failed, without justifiable cause, to provide for the maintenance and support of Bryan for at least one year prior to the filing of the adoption petition.
Appellee initially filed an objection to appellant's petition on January 12, 2000. A magistrate conducted a hearing where the following evidence was presented. Appellee testified that while he had not paid child support within the last year, he had provided maintenance in the form of clothing, food, recreation, books, toys and playground equipment. Furthermore, appellee justified his nonpayment of child support by arguing that he had had to spend approximately $20,000 in legal fees to enforce his visitation privileges with Bryan.
Based upon the evidence presented, the magistrate issued a decision recommending that because appellee had provided some maintenance in support of the child, his consent was necessary. Appellant filed objections to this decision, along with a transcript, with the probate court, and appellee provided a brief in opposition.
After holding a hearing where no new evidence was taken, the probate court issued a judgment entry on October 11, 2000, overruling appellant's objections and adopting the magistrate's decision in full. In doing so, the probate court concluded that appellant did not establish by clear and convincing evidence that appellee had failed to provide maintenance and support without justifiable cause during the one-year period prior to the filing of the adoption petition. As a result, the probate court determined that appellee's consent was required before the petition could be granted. Moreover, because appellee had not given his consent to the adoption, the probate court found that appellant's petition was not well-taken and dismissed it.
From this judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our consideration:
 "[1.] The Court erred to the prejudice of the petitioner and of the natural mother when it found that amounts expended by the natural father for the benefit of the child during visitation constitute maintenance and support according to law or judicial decree[.]
 "[2.] R.C. 3107.07(A) is unconstitutionally void for vagueness as applied and is violative of the appellant/mother's due process rights as secured by the 14th Amendment of the Constitution of the United States and Section 16, Article I of the Ohio Constitution[.]
 "[3.] The law of adoption in Ohio as codified in R.C. 3107.06 and R.C. 3107.07 in the context of a step-parent adoption, is an unconstitutional infringement upon the fundamental right of a fit parent to establish a constitutionally protected family unit[.]"
 In his first assignment of error, appellant argues that the probate court erred when it determined that appellee had met the maintenance and support requirements outlined in R.C. 3107.07(A) because it was undisputed that appellee had failed to pay his court-ordered child support for the year preceding the filing of the adoption petition.
R.C. 3107.07 states that consent to adoption is not required if:
 "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 The burden of proof, by clear and convincing evidence, on this issue rests with the petitioner making the claim. In re Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus; In re Masa (1986), 23 Ohio St.3d 163, paragraph one of the syllabus; In re Wagner (1997), 117 Ohio App.3d 448, 452. However, once it has been established that the natural parent has failed to provide support for the year immediately preceding the filing of the adoption petition, the natural parent has the burden of presenting evidence indicating that such failure was justifiable. Bovett at paragraph two of the syllabus; Wagner at 452. The question of whether a natural parent failed to provide support for his or her child is a determination for the probate court that will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. Bovett
at paragraph four of the syllabus; Masa at paragraph two of the syllabus.
On prior occasions, this court has observed that neither the Supreme Court of Ohio nor the General Assembly have provided a standard, such as percentages, to resolve issues concerning the maintenance and support of a child pursuant to R.C. 3107.07. Wagner at 453. Despite this, we are guided by the irrefutable presumption that R.C. 3107.07 must be strictly construed in favor of the rights of the natural parent. In re Dea (Mar. 25, 1994), Lake App. No. 92-L-120, unreported, at 6, 1994 Ohio App. LEXIS 1318.
In Dea, the facts showed that the natural parent had paid no court-ordered child support in the year prior to the filing of the adoption petition. However, the father had provided some maintenance for his child and had also exercised his visitation privileges. Moreover, the trial court determined that the father's failure to pay child support was justified because he had not received any income, welfare benefits, or unemployment compensation during the relevant period.[1] As a result, the court concluded that the father's consent was necessary before the petition could be granted.
On appeal in Dea, we affirmed the decision of the trial court. In doing so, we held that a petitioner cannot merely show that the natural parent failed to provide support to the extent that would normally be expected. Dea at 8. Instead, the petitioner must demonstrate that the natural parent has provided no support during the last year. Id. Accordingly, we agreed that because the father, despite his irresponsible financial behavior, had also sustained a "genuine and longstanding relationship" with the child. Thus, there was some competent, credible evidence to support the trial court's conclusion that his consent was necessary. Id. at 11.
Since Dea was decided, this court has somewhat modified its application of R.C. 3107.07. For example, in Wagner, supra, the natural father paid a total of $329.40 in support in the year prior to the filing of the adoption petition. The record showed that during that same year, the father had earned $13,443.81 in taxable income. Based on these facts, this court held that while the father may not have been able to make full support payments, he did earn enough to contribute more toward the care of his children. Wagner at 454.
Similarly, in In re Geisman (Sept. 29, 2000), Ashtabula App. No. 99-A-0071, unreported, 2000 Ohio App. LEXIS 4572, the Lake County Department of Human Services had been awarded temporary custody of the natural parent's child because of physical abuse. The child was subsequently placed with a couple who later filed a petition to adopt without the consent of the natural parents. A hearing was held where the trial court found that the natural parents had provided less than $100 in support for the child during the past year. As a result, the trial court concluded that the natural parent's consent to the adoption was not necessary.
There, in affirming the trial court's judgment, we held that such nominal support is insufficient to satisfy the maintenance and support requirement of R.C. 3107.07(A) if the natural parent had not met his or her burden of proof in demonstrating a justifiable cause for providing no more than nominal support. Geisman at 9-10. Accordingly, because the natural parents in Geisman had provided only nominal support for the child, and because they lacked justifiable cause for doing so, we determined that the trial court's conclusion that their consent was unnecessary was not against the manifest weight of the evidence. Id. at 11-12.
Here, the record shows that appellee admitted to not paying his court-ordered child support during the year preceding the filing of the petition. However, he also testified that he had spent approximately $60 per month for food, $50 to $60 per month for entertainment, $2,700 in the past three years for toys and playground equipment, and an unknown amount on clothing. Moreover, appellee attempted to justify his nonpayment of child support on the approximately $20,000 he spent on legal fees to enforce, among other things, his visitation privileges.[2]
Appellant, nevertheless, claims that appellee's failure to make any
child support payments during the relevant one-year period was sufficient, by itself, to support a finding that appellee's consent was unnecessary. We disagree.
The failure to make court-ordered child support payments is only one factor of support and maintenance that the probate court has to consider before making its decision. Neither the Supreme Court of Ohio nor the General Assembly has ever indicated that if the natural parent has failed to make any court-ordered child support payments in the previous year, the natural parent's consent is not required. Rather, the probate court is to make a determination based on all of the evidence presented for and against the parties' respective positions with respect to the support and maintenance of the child. In making this determination "`* * * [a]ny exception to the requirement of parental consent [to adoption] must bestrictly construed so as to protect the right of the natural parents to raise and nurture their children.'" (Emphasis added.) Masa at 165, quoting In re Schoeppner (1976), 46 Ohio St.2d 21, 24.
Having said that, some support for appellant's position can be found inIn re Lay (1986), 25 Ohio St.3d 41, 42, where the Supreme Court of Ohio noted in dicta that "a total absence of court-ordered support payments for the statutorily mandated one-year period * * * certainly satisfies the requirements set forth in R.C. 3107.07 for adoption without consent if such nonpayment occurred without justifiable cause." The underlying facts in the case at bar, however, differ significantly from those inLay. Specifically, the natural parent in Lay failed to provide any
support, and did not visit her child. Here, appellee has not only provided some support for Bryan, but he has also maintained a close relationship with him through visitation.
Therefore, there was some competent, credible evidence to support the probate court's finding that appellant did not establish, by clear and convincing evidence, that appellee had failed to provide maintenance and support during the previous year. Thus, appellee's consent was required before the adoption could be granted. Appellant's first assignment of error is without merit.
In his second and third assignments of error, appellant argues that R.C. 3107.06 and R.C. 3107.07 are unconstitutional. Before addressing the merits of appellant's assigned errors, however, we must first determine whether the probate court had jurisdiction to consider appellant's constitutional attack on the two statutes.
R.C. 2721.12 provides in relevant part:
 "* * * In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. * * *"
 The Supreme Court of Ohio has recently considered the application of former R.C. 2721.12.[3] In Cicco v. Stockmaster (2000), 89 Ohio St.3d 95, 99, the Supreme Court held that under the former version of R.C. 2721.12, a party contesting the constitutionality of a statute must assert such a claim in a complaint or other initial pleading. Moreover, not only must the party assert the claim in an appropriate proceeding, the party must also serve the Attorney General "with a copy of the proceeding" that raises the constitutional issue in accordance with Civ.R. 4.1. Cicco at 99. If the party fails to fully comply with the requirements of R.C. 2721.12, a court lacks jurisdiction to render a judgment on the constitutionality of a statute. Id. at 100. See, also, George Shima Buick, Inc. v. Ferencak (2001), 91 Ohio St.3d 1211; Osborne v. Mentor (Dec. 29, 2000), Lake App. No. 99-L-178, unreported, 2000 Ohio App. LEXIS 6215; Estate of Oliver v. Dewey (Oct. 6, 2000), Lake App. No. 99-L-156, unreported, 2000 Ohio App. LEXIS 4654.
The recent amendment to R.C. 2721.12, which is controlling, closely parallels the Supreme Court's decision in Cicco. In fact, the Supreme Court specifically noted that while the former version allowed the a party to serve the Attorney General with a copy of the complaint or proceeding in which a constitutional challenge is set forth, "the amended version of the statute expressly requires service of the `complaint.'"Cicco at 98.
Here, appellant first raised the issue of the constitutionality of R.C. 3107.06 and R.C. 3107.07 when he filed objections to the magistrate's decision. The record shows that appellant failed to amend his petition or otherwise file a separate action. More importantly, there is no indication that the Attorney General was ever notified in any form that appellant was contesting the constitutionality of the two statutes. As a result, appellant failed to comply with R.C. 2721.12 and properly invoke the jurisdiction of the probate court to consider his constitutional challenges. Consequently, this court will not consider such arguments on appeal. Cicco at 100-101. Appellant's second and third assignments of error are, therefore, without merit.
Based on the foregoing analysis, the judgment of the probate court is affirmed.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., GRENDELL, J., concur.
[1] These latter findings are irrelevant once it is determined thatsome maintenance/support was made.
[2] We would agree with appellant that this last expenditure isirrelevant at best.
[3] Former R.C. 2721.12 provided in relevant part:
 "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. * * * [I]f any statute * * * is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. * * *"