OPINION
Elizabeth and Noah Sartain ("appellants") appeal the judgment entry by the Lake County Court of Common Pleas, Probate Division, determining that the consent of Jessica Sartain ("appellee") was required in order to proceed with the adoption of Katlyn Elizabeth Sartain ("Katlyn"). For the following reasons, we affirm the decision of the lower court.
On October 23, 2000, appellants filed a petition to adopt Katlyn, born July 27, 1996. Appellee is Katlyn's natural mother. Appellee was fifteen (15) years old at the time of Katlyn's birth. Appellants are Katlyn's maternal grandparents. Shortly after Katlyn's birth, appellee and Katlyn were in the custody of the Lake County Department of Human Services. In 1997, appellants were granted temporary custody of Katlyn. Katlyn remains in the temporary custody of appellants. In their petition for adoption, appellants alleged that the consent of appellee was not required because appellee failed to communicate and provide for the maintenance and support of Katlyn in the one (1) year preceding the filing of their petition for adoption.
A hearing was held before the magistrate on March 13, 2001 and March 14, 2001. A magistrate's decision was filed on April 19, 2001, recommending that the consent of appellee was necessary in order to proceed with the adoption of Katlyn. The magistrate found that appellee provided some maintenance for Katlyn and also visited with her.
Thereafter, on May 24, 2001, appellants filed objections to the magistrate's decision.[1] In their objections, appellants contended that the magistrate's findings, that appellee provided maintenance, but not support, were insufficient to require appellee's consent. Appellants averred that the only evidence of "maintenance and support" by appellee were the alleged items that she purchased, which they denied. Appellants contended that even if the trial court believed that those items were purchased, they provided Katlyn with such items (clothing and toys); thus, those items were not of sufficient benefit to rise to the level of maintenance and support. Appellants claimed that neither maintenance nor support was provided by appellee. Appellants also asserted that appellee did not have justifiable cause as to why she did not pay child support because, during the time period at issue, she was either employed, underemployed, or voluntarily unemployed and her expenses were limited. Appellants claimed that appellee was able, but unwilling, to support Katlyn. That same day, May 24, 2001, a transcript of the proceedings before the magistrate was filed. However, only the March 13, 2001 portion of the hearing (Volume I) was filed with the trial court.
Subsequently, on June 7, 2001, appellee filed a response to appellants' objections. Appellee argued that "maintenance and support" merged whether it was cash or goods. Appellee asserted that any contribution towards child support, no matter how meager, satisfied the maintenance and support requirements of R.C. 3107.07(A). Appellee emphasized that "maintenance and support" included, but was not limited to, monetary payments. Appellee contended that when appellant Elizabeth Sartain, as custodian of an account in appellee's name, closed the account and transferred the funds, forty-two dollars, into an account in Katlyn's name, such demonstrated monetary support despite the fact that she did not voluntarily give the money. Appellee added that appellants never raised the issue of child support. Appellee also asserted that appellants gave up the right to collect child support from her because they were receiving public assistance for Katlyn of which she is obligated to pay back pursuant to R.C. 3103.03(D) and R.C. 5107.20. Appellee noted that once she had a steady job, her attorney wrote a letter to appellants suggesting that she pay child support. Appellee contended that she testified to the various items that she could remember giving Katlyn. Appellee added that her sister testified to various items that she remembered that appellee purchased for Katlyn. Appellant claimed that, whether or not she was employed, when she visited Katlyn, she would bring her clothing, shoes, or toys. Appellee stated that appellants cut off all contact between her and Katlyn in June 2000 when she became pregnant; however, she went to court for visitation rights.
A hearing on the objections was held on October 3, 2001. The appellate record does not contain a transcript of this hearing. In a judgment entry filed on October 9, 2001, the trial court overruled appellants' objections and adopted the magistrate's decision. The trial court determined that appellee's consent was required in order to proceed with the adoption. The trial court found that the maintenance and support that was provided by appellee was sufficient to satisfy R.C. 3107.07. The trial court explained that this court has held that the provision of some maintenance, along with visitation, is sufficient to satisfy R.C. 3107.07. The trial court also indicated that, even if there was a lack of maintenance or support, it was justifiable due to appellee's age and circumstances at the time of Katlyn's birth. Consequently, based on appellee's failure to consent to the adoption, the trial court dismissed appellants' petition for adoption.
Appellants filed a timely notice of appeal, asserting the following assignment of error:
 "The Trial Court erred when it determined that the Consent of the natural mother was required to proceed with the Petition for Adoption."
 In their sole assignment of error, appellants contend that the trial court's finding, that appellee provided maintenance and support for Katlyn during the relevant time period, was against the manifest weight of the evidence. Appellants also claim that the trial court's finding, that, even if there was a lack of maintenance or support, appellee was justified in not providing maintenance and support due to her age and circumstances at the time of Katlyn's birth, was also against the manifest weight of the evidence.
Briefly, we must address the following circumstances in the instant appeal. The hearing before the magistrate was held on March 13, 2001 and March 14, 2001. However, only a transcript of the March 13, 2001 portion of the hearing before the magistrate was filed with the trial court when appellants filed their objections to the magistrate's decision. The trial court, in making the determination as to appellants' objections, had only the transcript of the March 13, 2001 portion of the hearing. As a result, only the transcript of the March 13, 2001 portion of the hearing is in the record before us. In reviewing an assigned error on appeal, pursuant to App.R. 12(A)(1)(b), we are confined to the record that was before the trial court as defined in App.R. 9(A). See Lamar v. Marbury
(1982), 69 Ohio St.2d 274, 277. App.R. 9(A) identifies the record on appeal as consisting of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *."
In the case sub judice, we are limited to the record that was before the trial court, which included only the transcript of the March 13, 2001 portion of the hearing before the magistrate. Appellants assert various manifest weight arguments on appeal. App.R. 9(B) provides that if an appellant "intends to urge on appeal that a finding or conclusion is * * *contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion. * * *." (Emphasis added). When an alleged error is that a trial court's judgment is against the weight of the evidence or unsupported by the evidence, an appellant must include in the record all portions of the transcript relevant to the contested issue. Hartt v. Munobe (1993),67 Ohio St.3d 3, 7; see, also, Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, paragraph two of the syllabus (requiring a transcript of all relevant evidence to a challenge that a finding or conclusion is contrary to the weight of the evidence).In the instant appeal, in order for us to determine if the trial court's judgment was against the manifest weight of the evidence presented, all relevant evidence for appeal includes all testimony presented during the March 13, 2001 and March 14, 2001 hearing before the magistrate and any exhibits that were admitted into evidence. In particular, the transcript of the March 13, 2001 portion of the hearing indicates that appellants' counsel cross-examined appellee on March 14, 2001. (T.p. 166). Also, it is not clear from the transcript of the March 13, 2001 portion of the hearing whether or not any other witnesses testified on March 14, 2001. Further, it is not evident from the March 13, 2001 portion of the hearing when, if at all, the parties' exhibits, if any, were moved into evidence.
When portions of a transcript, necessary for the resolution of an assigned error, are omitted from the record, a reviewing court has nothing to pass upon and has no choice but to presume the validity of the lower court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. As such, as to appellants' manifest weight arguments on appeal, without all the relevant evidence before us, we must presume regularity in the lower court proceedings.
Based on the record that is before us, which includes the transcript of the March 13, 2001 portion of the hearing that was held before the magistrate, we would nonetheless affirm the decision of the lower court, requiring appellee's consent for the adoption of Katlyn.
Generally, the consent of a natural parent is a prerequisite to an adoption. McGinty v. Jewish Children's Bur. (1989), 46 Ohio St.3d 159,161. However, R.C. 3107.07(A) creates and exception to this parental consent requirement. R.C. 3107.07(A) provides that the consent to an adoption is not required if the natural parent, without justifiable cause, has failed to communicate with the minor child or to provide for the maintenance and support of the minor child for a period of at least one year immediately preceding the filing of the petition for adoption.
A petitioner bears the burden of proving, by clear and convincing evidence, that consent is not necessary. In re Bovett (1987),33 Ohio St.3d 102, paragraph one of the syllabus; In re Masa (1986),23 Ohio St.3d 163, paragraph one of the syllabus; In re Wagner (1997),117 Ohio App.3d 448, 452. Once a petitioner establishes, by clear and convincing evidence, that the natural parent failed to communicate or failed to provide maintenance and support for a minor child in the year immediately preceding the filing of an adoption petition, the burden shifts to the natural parent to show some justifiable reason for the failure. Bovett at paragraph two of the syllabus; Wagner at 452. However, the burden of proof remains on the petitioner. In re Tucker
(Dec. 21, 2001), Trumbull App. No. 2000-T-0144, unreported, 2001 Ohio App. LEXIS 5839, at 6; In re Wagner (Jan. 30, 1998) Ashtabula App. No. 97-A-0010, unreported, 1998 Ohio App. LEXIS 293.
A trial court's determination as to whether or not the consent of a natural parent is required will not be disturbed on appeal absent a showing that the determination was against the manifest weight of the evidence. Bovett at paragraph four of the syllabus; Masa at paragraph two of the syllabus. As such, as long as the record contains some competent and credible evidence to support the trial court's findings, a reviewing court would affirm the judgment of the trial court. In re McNutt (1999),134 Ohio App.3d 822, 829. A trial court is best able to observe the witnesses' demeanor, gestures, voice inflections and use these observations to weigh the credibility of their testimony. State ex rel.Pizza v. Strope (1990), 54 Ohio St.3d 41, 45-46.
The parent-child relationship is a constitutionally protected liberty interest. McNutt, 134 Ohio App.3d at 828. We are guided by the irrefutable presumption that R.C. 3107.07 must be strictly construed in favor of the rights of the natural parent. In re Dea (Mar. 25, 1994), Lake App. No. 92-L-120, unreported, 1994 Ohio App. LEXIS 1318, at 6; see, also, Masa at 165; In re Schoeppner (1976), 46 Ohio St.2d 21, 24. The right of a natural parent to the care and custody of his child is one of the most precious and fundamental in law. Masa, supra,23 Ohio St.3d at 165, citing Santosky v. Kramer (1982), 455 U.S. 745, 753.
This court has set forth a two-prong analysis where a petitioner for adoption must prove, by clear and convincing evidence, that the natural parent failed to support the child and that the failure to support was without justifiable cause. In re Geisman (Sept. 29, 2000), Ashtabula App. No. 99-A-0071, unreported, 2000 Ohio App. LEXIS 4572, at 10, citingBovett, supra, 33 Ohio St.3d at paragraph one of the syllabus. InGeisman, we stated that finality is not achieved by a showing of no support or nominal support alone. Id. Rather, the second prong, requiring a showing, by clear and convincing evidence, that the natural parent was without justifiable cause for providing no support or only a nominal contribution, must still be demonstrated. Id. A natural parent can fulfill his duty of support under R.C. 3107.07(A) through non-monetary contributions. McNutt, supra, 134 Ohio App.3d at 831.
Upon examination of the record that is before us, we would conclude that there was some competent and credible evidence to support the trial court's determination that appellee's consent was required for the adoption of Katlyn. Specifically, the testimony at the March 13, 2001 portion of the hearing before the magistrate shows that, during the one year prior to the filing of the adoption petition, appellee maintained visitation with Katlyn. Appellee testified that, at one point during the requisite period, she would visit Katlyn a couple times a week. Appellant Elizabeth Sartain acknowledged that appellee was prohibited from seeing Katlyn in June 2000. Appellee testified that she consequently filed a motion for visitation rights when appellants would not allow her to see Katlyn.
Additionally, appellee testified that, although she did not provide monetary support for Katlyn, she did, during the time period at issue, provide groceries for the household, clothing, and toys for Katlyn. Appellee described the meager wages that she received from various jobs during the requisite time period. Alexandria Sartain, appellee's sister, testified that, during the relevant time period, when appellee would come to visit Katlyn, appellee would bring at least one item for Katlyn, such as a toy. Alexandria also described some of the clothing and toys that appellee purchased for Katlyn when they would go shopping together. Alexandria testified that she was present when appellee delivered some of the clothing for Katlyn while appellants were present. Alexandria also stated that she was with appellee when she purchased about one hundred dollars ($100) worth of groceries for appellants' house.
Although appellants testified that appellee did not provide anything for Katlyn during the requisite one-year period, based on the record that is before us, some competent and credible evidence exists to support the trial court's judgment. Competent, credible evidence exists to support the trial court's finding that the maintenance and support that was provided by appellee was sufficient to satisfy R.C. 3107.07. As stated above, we are guided by the irrefutable presumption that R.C. 3107.07
must be strictly construed in favor of the rights of the natural parent. The trial court, via the magistrate, was in the best position to weigh the credibility of the testimony based on its observations of the witnesses.
For the foregoing reasons, appellants' sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.
FORD, P.J., CHRISTLEY, J., concur.
[1] The trial court approved a request by appellants for an extension of time to file objections to the magistrate's decision.