OPINION
{¶ 1} Appellant Marion Miley appeals the decision of the Jefferson County Probate Court which granted Donna and Todd Morelli's (Donna and Todd) petition to adopt Marion's two minor children without his consent. Donna and Todd are the maternal aunt and uncle of the two minor children. The trial court determined that Marion's consent was not needed because he failed to support his children for the one year period contemplated by R.C. 3107.07(A). The issue in this appeal is whether the legal custodians' insistence that support is not wanted constitutes justifiable cause for not paying child support. For the reasons discussed below, the trial court's decision is reversed.
 STATEMENT OF FACTS {¶ 2} This case is related to In re Miley, 7th Dist. No. 99JE42, 2001-Ohio-3343. Marion Miley and Terri Morelli, now deceased, were married and had two children, Britni and Anthony. The couple and their children lived together in Louisiana until a dispute arose over parenting styles. As a result of the dispute, both Marion and Terri were charged with domestic violence. Marion moved out of the home due to an ex-parte protection order. Without informing Marion, Terri and the children moved to Ohio, the location of Terri's family.
 {¶ 3} As a result of the separation, Terri sought child support from Marion. In October of 1998, the Jefferson County Juvenile Court ordered Marion to pay child support. Marion paid $175 a week to Terri in child support until she became sick. (Tr. 7). At that time, Marion began making the payments to Jean and Tony Morelli (grandparents). Marion continued to pay child support even after Terri's death in November 1998.
 {¶ 4} In late 1998, the grandparents sought custody of the children. The trial court determined that Marion was not a suitable parent and that it was in the children's best interest to be in the custody of their grandparents. Marion stopped paying child support in July 1999, after the Jefferson County Juvenile Court named Marion unsuitable and granted custody to the grandparents. (Tr. 14). On the day of the hearing, the grandparents informed Marion that they no longer wanted child support payments from him. (Tr. 14-15). Marion wrote checks out in August of 1999, but once again the grandparents informed him that they did not want his money. (Tr. 18).
 {¶ 5} Our court's August 29, 2001, decision reversed the trial court's finding of unsuitability and ordered the juvenile court to terminate the grandparent's custody. In re Miley, 7th Dist. No. 99JE42. The juvenile court terminated the grandparents' custody on October 29, 2001. Prior to that order, on October 3, 2001, Donna and Todd petitioned to adopt Britni and Anthony. During the custody dispute between Marion and the grandparents and after the trial court granted custody to the grandparents, the children were actually living with Donna and Todd. The petition to adopt stated that Marion's consent was not needed pursuant to R.C. 3107.07 because he failed to support or communicate with his children for one year preceding the petition to adopt. In early November, Marion returned to Ohio with the intention of taking his children back to Louisiana. (Tr. 62). However, the juvenile court and probate court stayed the order terminating the grandparents' custody, and held that it was in the best interest of the children to remain in Donna and Todd's home until the petition for adoption was heard. 11/9/01 Juvenile Court J.E.; 11/9/01 Probate Court J.E.
 {¶ 6} The probate court heard the petition to adopt in January 2002. The probate court held that Donna and Todd failed to prove that Marion did not communicate with his children in the year preceding the petition to adopt. But, the probate court held that Marion failed to support his children for the one year preceding the petition for adoption. As such, the probate court concluded that Marion's consent was not needed for the adoption.
 {¶ 7} Marion timely appealed the probate court's decision. Donna and Todd failed to file a brief. As such, we may accept Marion's statement of facts and issues as correct and reverse the judgment if his brief reasonably appears to sustain this action. App.R. 18(C). This appeal is expedited pursuant to App.R. 11.2(C).
 ASSIGNMENT OF ERROR {¶ 8} Marion's sole assignment of error contends:
 {¶ 9} "THE TRIAL COURT'S FINDING THAT THE APPELLANT FAILED WITHOUT JUSTIFIABLE CAUSE TO PROVIDE FOR THE MAINTENANCE AND SUPPORT OF THE MINOR CHILDREN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Marion argues that he was not ordered to pay child support to either the grandparents or Donna and Todd. As such, no duty arose. Furthermore, he claims that the Morelli family should not be permitted to refuse his support and then use that refusal against him to terminate his parental rights.
 {¶ 11} R.C. 3107.07 states that consent to adoption is not required when the court finds that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. In construing the adoption statute, the Ohio Supreme Court has noted that any exception to the requirement of parental consent must be strictly construed so as to protect the natural parent's right to raise and nurture their children. In re Adoption of Schoeppner
(1976), 46 Ohio St.2d 21, 24. The termination of all parental rights through adoption is an extreme measure. In re Adoption of Jarvis (Dec. 11, 1996), 9th Dist. No. 17761. Termination of parental rights has been described as the family law equivalent of the death penalty in a criminal case. In re Woodall (June 13, 2001), 9th Dist. Nos. C.A. 20346, 20436, citing In re Hayes (1997), 79 Ohio St.3d 46, 48, quoting In re Smith
(1991), 77 Ohio App.3d 1 (discussing the state's termination of parental rights).
 {¶ 12} Under R.C. 3107.07(A), Donna and Todd are required to prove by clear and convincing evidence that Marion failed to communicate with or support his minor children during the one year period prior to the adoption petition. In re Adoption of Masa (1986), 23 Ohio St.3d 163. Once Donna and Todd established a failure to either provide support or communicate with the children, the burden of going forward with evidence shifts to Marion to show some facially justifiable cause for such failure. In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph two of the syllabus. However, once Marion goes forward with evidence of justifiable cause, Donna and Todd must prove by clear and convincing evidence that the failure was without justifiable cause. Id.
 {¶ 13} The trial court's holding will not be disturbed on appeal unless its determination is against the manifest weight of the evidence.In re Adoption of Wagner (1997), 117 Ohio App.3d 448, 452, citingAdoption of Bovett, 33 Ohio St.3d at 102, paragraph four of the syllabus. An appellate court will not substitute its own judgment for that of a trial court applying a clear and convincing evidence standard where some competent and credible evidence supports the trial court's factual findings. In re Adoption of Hudnell (1996), 113 Ohio App.3d 296,302. Adoption cases are all fact specific and turn on the particular facts and circumstances present in each case. In re Adoption of Way, 4th Dist. No. 01CA23, 2002-Ohio-117.
 {¶ 14} The adoption petition is dated October 3, 2001. Marion admits he did not make any support payments past July 1999. (Tr. 14). These dates clearly show that Marion did not support his children for one year preceding the petition to adopt. See R.C. 3107.07 (A). Marion does make an argument that he had health insurance for the children in 2000. He insists that this constitutes maintenance and support.
 {¶ 15} Marion's argument fails. He provided health insurance for his children for a period in 2000, however, he dropped them from the insurance sometime in 2000. (Tr. 21). No one specifies the date in 2000 that the children were dropped from Marion's insurance. Even if we assume that it was sometime after October 3, 2000, Donna and Todd claim that they did not know about the health insurance. (Tr. 70, 93). The failure to reveal the existence of health insurance provides no benefit to the children. In re Adoption of Knight (1994), 97 Ohio App.3d 670, 673. Where the existence of insurance is concealed, maintenance and support has not been provided. Id. As such, the health insurance does not constitute support.
 {¶ 16} Marion insists that the Morelli family knew he had health insurance on the children. (Tr. 20). Therefore, the argument of whether the Morelli family knew of the existence of health insurance becomes a credibility issue. The trial court is in the best position to view the witnesses and observe their demeanor, voice inflections and gestures.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. As such, the decision of the trial court that the health insurance is not maintenance and support because Donna and Todd did not know of its existence is upheld.
 {¶ 17} It is clear that Marion did not provide maintenance and support for the children under R.C. 3107.07(A). However, two factors in the statute could alleviate Marion from the mandates of this statute that his consent is not required for the adoption of his children. First, whether Marion was required by law or judicial decree to provide maintenance and support for the children. R.C. 3107.07(A). Secondly, if support is required by law or judicial decree, does the custodial parent's statement and refusal to take support payments constitute justifiable cause. Each issue will be addressed in turn.
 SUPPORT REQUIRED BY JUDICIAL DECREE {¶ 18} The juvenile court ordered child support to be paid to Terri. 10/28/98 J.E. When Terri died and custody was given to the grandparents, the juvenile court never ordered support to be paid to the grandparents or Donna and Todd. Despite Terri's death, the child support order did not terminate. See former R.C. 3105.21 and current R.C. 3119.86. Child support orders do not terminate until the child reaches the age of majority. Id. The child support order was based upon Terri's and Marion's income, and the calculation would have been different if it were modified to take into consideration the grandparents' and Marion's income. However, either Marion or the grandparents, at the custody hearing, had the right to request a modification of child support. Neither party requested modification of the child support order. Since the child support order did not terminate, Marion had a duty by judicial decree to support his children. However, this finding does not mean Marion's consent to the adoption was not needed. The existence of justifiable cause would alleviate Marion of his duty to support his children.
 JUSTIFIABLE CAUSE {¶ 19} As stated above, Donna and Todd established by clear and convincing evidence that Marion failed to support his children for the one year preceding the petition to adopt. From August 1999 until October 2001, when the petition was filed, Marion made no attempts to pay child support. Therefore, the burden then shifts to Marion to establish some justifiable cause for his failure to support his children. Adoption ofBovett, 33 Ohio St.3d at 106.
 {¶ 20} Marion presented evidence that the grandparents, legal custodians of the children, refused to accept support. (Tr. 14). Marion produced evidence that he tried to pay the grandparents four payments in August 1999, over two years prior to the filing of the petition for adoption, but the grandparents refused to cash the checks. (Tr. 17). Marion claims he was told once again that his support was unwanted. (Tr. 17-18). It is true that Donna and Todd never told Marion that they did not want support. However, they were never named the legal custodians of the children. Marion's requirement to pay child support would have been to the legal custodians of the children, i.e. grandparents.
 {¶ 21} A legal custodian's refusal to accept support within the one year period contemplated by R.C. 3107.07(A) acts as justifiable cause for failure to support. In re Adoption of Williams (June 4, 1998), 5th Dist. No. CT97-0038. If the legal custodian refuses to accept support payments prior to the one year period contemplated by R.C. 3107.07(A), this could also be justification for the non-custodial parent's failure to support the child during the one year period. See In re Adoption ofFoster (1985), 22 Ohio App.3d 129, 133-134. In Adoption of Foster, the non-custodial parent did not make or tender child support payments during the one year period preceding the filing of the petition. However, the non-custodial parent tried to make child support payments shortly prior to the one year period, however, the custodial parent did not accept those payments. The appellate court held that in conjunction with the failure to allow the non-custodial parent to visit the child, that the refusal to accept support payments was justifiable cause. Id. As such, in order for the adoption to proceed, the consent of the non-custodial parent was needed. Id.
 {¶ 22} Given the above case law, Marion met his burden of going forward with evidence of justifiable cause. Adoption of Bovett,33 Ohio St.3d 102. If Marion merely alleged that the grandparents told him not to pay child support anymore, that would not be enough to qualify as facially justifiable cause. See In re Adoption of Taylor (1989),61 Ohio App.3d 500, 504-505. However, offering evidence of uncashed checks in conjunction with the allegation constituted a facially justifiable cause.
 {¶ 23} As such, the burden then shifted back to Donna and Todd to prove by clear and convincing evidence that it was not a justifiable cause. Adoption of Bovett, 33 Ohio St.3d 102. Donna and Todd stated that they did not know if the grandparents had refused to accept support. (Tr. 76, 100). This statement alone was not sufficient to prove by clear and convincing evidence that the failure to support was without justifiable cause. Donna and Todd failed to meet their burden. The adoption petition could not proceed without the consent of Marion.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby reversed.
Donofrio, J., concurs.
DeGenaro, J., concurs.